Minnie Ella Porter BEAMAN et vir, Appellants,

v.

Rufus D. (R. D.) BELL, Appellee.

No. 13846.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 20, 1961.

Rehearing Denied Jan. 17, 1962.

Robert I. Wilson, Kerrville, for appellants.

Robert H. Rice, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted on January 20, 1958, by Minnie Ella Porter, a feme sole, in the nature of trespass to try title, in the District Court of Real County, against Rufus D. Bell, seeking to recover title and possession of 200 acres of land located in Real County, about fourteen miles northwest of Leakey, and fully described in the pleadings. Minnie Ella Porter later married James Edward Beaman and he became a party to the suit. The trial was before the court without the intervention of a jury, and resulted in judgment in favor of Rufus D. Bell, and Mr. and Mrs. Beaman have prosecuted this appeal. No findings of fact or conclusions of law were requested, and none were filed.

Appellants' first contention is that Mrs. Beaman was unlawfully deprived of her land by a void foreclosure sale under a deed

of trust, in that the bidding was stifled by the trustee and the mortgagee who became the purchaser at said sale.

The evidence shows that Mrs. Beaman was the former wife of Jack Porter. They were divorced in November, 1953. As a part of the property settlement Jack Porter conveyed to her the 200 acres here involved. This deed was recorded on November 16, 1953. Ralph E. Cadwallader represented Mrs. Porter, now Mrs. Beaman, in the divorce case. He also arranged for a loan in the sum of $2,200.00 for her from Rufus D. Bell, the appellee here. A note in that sum and a deed of trust creating a lien on the 200 acres were signed by Mrs. Beaman. Ralph Cadwallader was named as trustee in the deed of trust. Mrs. Beaman paid him the sum of $100.00 for representing her in her divorce case, and another $100.00 for securing the loan. The note was to be paid in monthly installments of $35.00. After making one monthly installment Bell heard nothing more from Mrs. Beaman, and neither he nor Cadwallader was able to locate her. Cadawallader told Bell he might just as well foreclose by a trustee's sale, and he prepared a request from Bell to himself as trustee, to sell the property. Bell signed the request for sale, and acknowledged it before Cadwallader's secretary, who was a notary. Cadwallader caused notices to be posted and sold the 200 acres at public sale to Bell for the sum of $1,900.00, and executed a trustee's deed to him.

Appellants contend that the sale must be set aside because Cadwallader stifled the bidding at the sale. Jack Porter and one Davenport told Cadwallader that they wanted to bid on the land and were ready and willing to do so, but Cadwallader told them it would be best for them not to bid, and after Bell had purchased the property he would get Bell to sell it to Jack Porter at a profit. This they agreed to, but neither Porter nor Davenport talked to Bell about the matter until after the sale. Bell first said he would sell the land to Porter for a profit, "if it was the right thing to do,"

but later decided "it would not be the right thing to do," and finally refused to sell it to Porter. There was evidence that the land was worth $10,000.00 or more. Davenport was interested in buying the land for his son-in-law, one Larry Jenkins, who was going to secure a veteran's loan and purchase the 200 acres. Cadwallader testified that he was attorney for Bell and had made several other loans for him. Porter and Davenport testified that Cadwallader was Bell's attorney. Bell denied that Cadwallader was his attorney at the time of the foreclosure sale. He later sent a check to Cadwallader in the sum of $250.00, and just what this check was to cover is not clear. Cadwallader returned it to him uncashed, stating that he would be paid when the deal was closed, apparently meaning the sale of the 200 acres to Jenkins. The evidence was not conclusive as to whether Cadwallader was attorney for Bell at the time he sold the 200 acres as trustee at public sale, and in the absence of findings of fact we must presume that the trial court found that Cadwallader at the time he sold the land as trustee was not acting as attorney for Bell.

■ The trustee's sale was regular in every respect, and under the facts here the trustee's deed was not void but voidable at most, and could not be set aside in the suit based only on formal allegations of trespass to try title. Slaughter v. Qualls, Tex.Civ.App., 149 S.W.2d 651, affirmed 139 Tex. 340, 162 S.W.2d 671.

■ There is another reason why Mrs. Beaman cannot recover this land. After the trustee's sale, she executed a deed to her former husband, Jack Porter, conveying to him all of her interest in the 200 acres, and based upon this deed Jack Porter brought suit against Bell in an attempt to recover the 200 acres. This deed shows conclusively that at the time Mrs. Beaman brought this suit against Bell she had conveyed any and all interest she had in the 200 acres to Jack Porter. Both the trustee's deed and this deed to Porter, until

set aside, stand as barriers preventing Mrs. Beaman from recovering these 200 acres of land from Bell.

 Appellants contend that the court erred in admitting in evidence the deed from Mrs. Beaman to her former husband, Jack Porter, because it was not one of the instruments relied upon by Bell to establish his title, and was not shown in his abstract of title. Bell did claim that Mrs. Beaman was the common source of title and did not show the deed to Jack Porter in his abstract of title. He introduced the Porter deed, not to show title in himself, but for the purpose of showing that Mrs. Beaman, the common source of title had conveyed all of her title to her former husband, Jack Porter, and for this reason could not possibly prevail in this trespass to try title suit. The court properly admitted the deed in evidence.

The judgment of the trial court is affirmed.