Willie JOZWIAK et al., Appellants,

v.

A. P. JOZWIAK et al., Appellees.

No. 560.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 16, 1972.

Charles E. Huebner, Donald K. Shipley, Houston, for appellants.

A. W. Hodde, Jr., Milton Y. Tate, Jr., Brenham, for appellees.

BARRON, Justice.

This is a suit filed in District Court of Washington County for declaratory judgment to construe the alleged wills of Henry and Stella Jozwiak as joint, mutual and contractual, and for cancellation of a deed from Stella Jozwiak to John J. Kopech which purported to convey 20 acres of the Jozwiak land in Austin County, Texas and to remove cloud from the title to such land. At the conclusion of the evidence the trial court discharged the jury and awarded judgment upholding the contractual nature of the will in favor of the plaintiffs, A. P. Jozwiak, et al, from which judgment the defendants, Willie Jozwiak and others now prosecute this appeal.

The parties are children and grandchildren of Henry and Stella Jozwiak and the husband of one grandchild, to-wit. John J. Kopech. Sigmund Jozwiak, originally one of the plaintiffs, elected not to pursue this cause; he asked to be designated a party defendant and agreed to be bound by the final judgment of the court. A second deceased son, Nick Jozwiak, died testate and predeceased his mother, Stella Jozwiak, but died after the death of his father, Henry Jozwiak. That portion of the court's judgment that Henry and Stella's identical grants or rights, options, and privileges to Nick under the will had lapsed, may not be fully and completely questioned on this appeal. Compare, however, Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888 (1948); Bailey, Texas Law of Wills, Sec. 440, p. 115, and Sec. 446, p. 130.

The present controversy arose over the construction of the joint will of Henry and Stella Jozwiak dated March 5, 1960. The joint will disposes of their only real property, 115 acres in Washington County and 20 acres in Austin County, all of which is community property. Henry Jozwiak died May 10, 1968, and the testamentary instrument was probated as Henry's will in the county court of Washington County. Thereafter Stella Jozwiak revoked the alleged joint will of March 5, 1960 as her will and executed a new will and codicil altering the property disposition made in the original will of March 5, 1960. She also conveyed the 20 acre tract in Austin County to John J. Kopech. Following Stella's death on March 19, 1970, her second will and codicil were submitted to probate in Washington County, and such later will and codicil were probated in a contested hearing. This suit was then filed in the District Court of Washington County, Texas to determine the status, meaning and effect of the instrument dated March 5, 1960 which purported to be the joint, mutual and contractual wills of Henry and Stella Jozwiak, both deceased.

The trial court concluded that the instrument was the "joint, mutual, reciprocal and contractual will" of Henry and Stella Jozwiak and not subject to effective revocation or change subsequent to Henry Jozwiak's death or the probate of the instrument as Henry's will on June 3, 1968, Stella being one of the executrices of said will. The deed conveying the 20 acres of land located in Austin County was cancelled by the court, and consistent with the terms of the alleged joint will, 55 acres of the 115 acre tract was awarded to plaintiff, A. P. Jozwiak, who had already paid $3,025.00 into the trial court's registry as the stipulated purchase price under the terms of the alleged 1960 joint will. Judgment was rendered awarding money, land and other property according to the terms of the 1960 will, including a "lapsed" devise of Nick Jozwiak, deceased, as construed by the trial court.

In their appeal to this Court the appellants now (1) question the trial court's finding that the will instrument was contractual in nature and question whether the evidence shows that Stella Jozwiak executed the alleged joint will; (2) contend that the trial court's cancellation of the Kopech deed was error; and (3) assert that Stella Jozwiak had the power to dispose of the realty during her lifetime.

Appellants' initial complaint above charges that appellees have failed to demonstrate by testimony or other evidence that Stella Jozwiak ever executed the March 5, 1960 instrument, and thus the instrument cannot be a mutual and contractual will. We agree with this contention so far as the evidence in the record is concerned. The law seems to be settled that in an action of this kind one who relies on a will as a contract has the burden of proving by competent evidence in district court that the will is contractual as well as testamentary. We do not believe the above rule has been altered, and we think the rule is sound. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165 (1946); Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867, 873 (1948); Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 878 (1948); Norwood v. Harlow, 429 S.W.2d 670 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.); Lee v. Powell, 285 S.W.2d 291 (Tex.Civ.App.—Waco 1955, no writ); and see Vol. 10, Texas Practice, Bailey, Texas Law of Wills, Sec. 450, pp. 147–148 (1968). In Graser v. Graser, supra, the Supreme Court had before it a purported joint and mutual will which certain children of the deceased parents attempted to have adjudicated as the will of their mother. Mr. Graser had predeceased his wife, and the surviving wife probated the instrument as his will. When Mrs. Graser later died the instrument was denied probate as her will, because, although it bore her signature, the will was entirely in her husband's handwriting with no attestation clause. The Supreme Court held that this defect in the

execution and the absence of the required solemnities precluded suit to enforce the apparent beneficiaries' rights under the alleged contract within the will. The Court pointed out that Vernon's Tex.Rev.Stat. Ann. art. 4610, amended in 1967 and repealed in 1969, prohibiting spousal agreements altering the "legal orders of descent," would be violated by a contract in mutual wills which is not followed by "actual effective execution of the necessary testamentary documents." Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621 (1957), did not overrule this principle announced in Graser but said only that the statute would not invalidate a mutual *will* which contained a *contract* for the disposition of property. In the present case there is no joint or mutual will if Stella Jozwiak is not shown by the evidence to have executed the will with all due formalities and solemnities required by law. See 61 Tex. Jur.2d, Wills, Secs. 64 and 65 (1964). We have found no Texas case, including those cited by appellees, in which recovery was allowed by beneficiaries to enforce contractual rights where the allegedly joint, mutual and contractual will had in fact not been lawfully executed as shown by the evidence. There is no competent evidence in this record to show such execution by Stella Jozwiak though her name appears on the face of the instrument.

Despite the language of their first point of error, appellants' attack has not fully and effectively challenged the contractual nature of the March 5, 1960 instrument. Such will sets out a comprehensive plan for the final disposition of the testators' property and on its face appears to have been made in pursuance of a contract or agreement between Henry and Stella Jozwiak. See generally, 48 Tex.L. Rev. 909, et seq.; Darragh v. Barmore, 242 S.W. 714, 716 (Tex.Comm'n.App. 1922, judg. adopted). All of the realty owned by the Jozwiaks is left to the survivor of them by clauses three and four. Clauses three and four seem to grant a life estate in the realty to the survivor and permit only permanent sale of personalty and use of rents and revenues by the survivor. See Dufner v. Haynen, 263 S.W.2d 662, 664 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). The fifth clause specifies that at the death of the survivor half of the 115 acres in Washington County should be optionally offered for sale at stipulated prices to Nick Jozwiak and the other half to A. P. Jozwiak, two of testators' children, the proceeds of such sales and the residue to be equally divided among all twelve of the Jozwiak children or their representatives. Spouses may make valid post-nuptial contracts in Texas for a division of their community property even though the division may operate to alter the legal orders of descent. See Weidner v. Crowther, supra. If due and proper execution of the alleged will by Stella Jozwiak had been proven, there would seem to have been no obstacle to enforcement of the alleged will's apparent contractual provisions. Texas Probate Code, Sec. 57, V. A.T.S. (1967). Contract provisions in a properly executed joint and mutual will are enforceable in equity in district court even if the will itself, as here, has been revoked by the survivor after the death of the joint testator. Weidner v. Crowther, supra; Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588, 593 (1954); Dougherty v. Humphrey, 424 S.W.2d 617, 620–621 (Tex. Sup.1968). Probate of a joint and mutual will pertaining to a survivor is not a prerequisite to enforcement of the contractual provisions of a will. And enforcement in equity of contractual provisions of the first will in district court is proper even if a subsequent will of a survivor has been admitted to probate, as here. See Tips v. Yancey, 431 S.W.2d 763 (Tex.Sup.1968); 21 Baylor Law Rev. 411, 421–422; 23 S. W.L.J. pp. 18–21. Proper execution of the will, however, must be shown by evidence in the district court in any event.

We think also that it is appropriate to note that appellants' complaint as to

joinder and venue of the action to cancel the deed to the 20-acre Austin County lands to John J. Kopech is, in our opinion, groundless. Mindful of the policy of avoiding a multiplicity of suits, we think it was permissible or discretionary with the trial court to maintain this portion of the case along with the declaratory judgment action, and that the actions were essentially interrelated. Moreover, Vernon's Tex. Rev.Civ.Stat.Ann. art. 1995, Subdiv. 14 (1964) does not absolutely require that this action to cancel a deed and remove cloud be brought in Austin County. The requirement that suit be brought in the county in which the land is located is one of venue or privilege and not of jurisdiction, and it may be waived. Camelia Diced Cream Company v. Chance, 339 S.W.2d 558 (Tex.Civ.App.—Houston 1960, no writ). Appellant Kopech failed to file a plea of privilege and thus, having unconditionally appeared and answered, has waived any right he may have had to have venue of this action transferred to Austin County. See Texas Highway Department v. Jarrell, 418 S.W.2d 486 (Tex.Sup.1967).

For the reasons that no execution of the disputed 1960 will by Stella Jozwiak was shown by competent evidence, and particularly that no execution of the alleged joint will under solemnities required by law was proven, the entire judgment of the trial court is reversed. In order that the case may be more fully developed we remand this action to the trial court for a new trial. United States Fire Insurance Company v. Carter, 473 S.W.2d 2 (Tex.Sup. 1971). We further reverse because of the error of the trial court in holding that the interest of Nick Jozwiak, deceased, had lapsed. See Chadwick v. Bristow, supra. The trial court shall have authority equitably to adjust the time of the option granted to Nick Jozwiak in order that justice may be done under the circumstances as the court may see fit and proper.

Reversed and remanded.