**DRG FINANCIAL CORPORATION,**
Appellant,

v.

**Kermit D. WADE et al., Appellees.**

**No. A1952.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 31, 1979.

Eugene J. Pitman, Lawrence Russo, III, DeLange, Hudspeth, Pitman & Katz, Houston, for appellant.

Franklin R. Navarro, Houston, for appellees.

SALAZAR, Justice.

Cross-defendant, DRG Financial Corporation, has appealed from an order of

the trial court overruling its plea of privilege to be sued in the county where the land at issue was located. We hold that the principal right and relief sought by appellees in the lower court was to remove cloud from title and therefore, subdivision 14 of the Texas venue statute, Tex.Rev.Civ.Stat. Ann. art. 1995 (1964) mandates that the cause of action pertaining to appellant DRG Financial Corporation be removed to Galveston County where the land lies. The judgment of the trial court is reversed and rendered that the venue as to the cause of action against appellant DRG Financial Corporation be transferred to Galveston County, Texas.

Appellant, DRG Financial Corporation, was first made a party to the lawsuit filed in Harris County in the first amended cross-petition and second amended cross-petition filed by appellees and cross-plaintiffs, Kermit D. Wade and Karl Richard Bradley, II, individually and Dickinson Apartments, LTD., a limited partnership. The cross-defendants named in the cross-petitions were Allied Bancshares, Inc., Allied Bank of Texas, Allied Seabrook Bank, DRG Financial Corporation (appellant), Larry Strand individually, Jack Summers individually, Jim B. Hargrove individually, E. R. Covel individually, James H. Albert individually, D. Michael Dalton individually, and Steven A. Howard and Paul Koster both individually and as partners in Dickinson Oaks Apartments, a partnership. In response to the cross-petitions, cross-defendant DRG Financial Corporation filed a plea of privilege to be sued in Galveston County where the land at issue was located. It was overruled by the trial court.

■ Under subdivision 14 of Tex.Rev.Civ. Stat.Ann., art. 1995 (1964), the two venue facts to be proved are (1) that the suit is one to recover land or damages thereto, or to remove encumbrances upon title to land, or to quiet title to land, and (2) that the land involved is situated in the county where suit is brought. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69, 71 (1945); *Atlantic Richfield Company v. Trull,* 559 S.W.2d 676, 679 (Tex.Civ.App.—Corpus

Christi 1977, writ dism'd); *Fannin Bank v. Johnson,* 432 S.W.2d 138, 140 (Tex.Civ.App. —Houston [1st Dist.] 1968, writ dism'd).

■ There is no dispute that the land is located in Galveston County. The question we must determine here is whether or not this is a suit to recover title to land, or to remove encumbrances upon title to land, or to quiet title to land. We refer to the allegations in the pleadings and evidence to determine the true nature and purposes of the lawsuit. *Peoples National Bank of Tyler v. Cranek,* 557 S.W.2d 330, 332 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ dism'd); *Continental Oil Company v. Anderson,* 405 S.W.2d 622, 626 (Tex.Civ.App.— Eastland 1966, writ dism'd).

It is apparent from the pleadings and evidence that appellees have failed to meet the burden that there lies no issue as to title. *Continental Oil Company v. Anderson, supra* at 626. While the appellees' cross-petitions seek damages as a result of the alleged fraud and conspiracy by cross-defendants in breaching their alleged commitments to renew notes executed by cross-plaintiffs and secured by a deed of trust on the property in Galveston County, in Paragraph VI of cross-plaintiffs' second amended cross-petition, appellees specifically state their claim to fee simple title to the aforesaid Galveston County property.

Cross-defendant and Substitute Trustee, D. Michael Dalton foreclosed on the property and executed a Substitute Trustee's Deed which was duly recorded in the Deed Records of Galveston County, Texas, as indicated by Exhibit "C" in the second amended cross-petition. Cross-defendant Banks purchased the property at the purported foreclosure sale. Any interest appellees might now have in the property depends upon a title question and a determination of whether or not the alleged fraudulent and conspiratorial acts of the cross-defendants led to the execution of this deed. Appellant, DRG Financial Corporation, later issued a mortgage covering the property to cross-defendants Steven A. Howard, Paul Koster, and their partnership, Dickinson Oaks Apartments, all of whom had pur-

chased the property from cross-defendant Banks.

■ Any deed, contract, or judgment or other instrument not void on its face which purports to convey any interest in or makes any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner. *Best Investment Company v. Parkhill*, 429 S.W.2d 531, 534 (Tex.Civ.App. —Corpus Christi 1968, no writ). Where one has parted with land or an interest therein, which he seeks to recover by attacking the instrument under which he lost title, his lawsuit is one for the recovery of land and if that instrument is filed of record and for that reason would cloud his title assuming one could prove its validity, his lawsuit would be one to remove an encumbrance upon title to the land. *Leonard v. W. H. Carter*, 389 S.W.2d 147 (Tex.Civ.App.—Fort Worth 1965, writ dism'd); *Galindo v. Garcia*, 222 S.W.2d 477, 479 (Tex.Civ.App.—San Antonio 1949, no writ). Subdivision 14 applies where a party has alleged facts which, if established at trial, would entitle him to have a property interest in lands retransferred to him, *O. P. Leonard v. W. H. Carter, supra* at 149, or where removal of a cloud upon title is requisite to establishing their rights under the facts of the case. *Wallace Investments, Inc. v. H. W. Blackstock*, 384 S.W.2d 910, 912 (Tex.Civ.App.— Houston 1964, no writ).

■ The allegations in the cross-petitions of fraud and conspiracy and the damages resulting therefrom do not negate the fact that this lawsuit is principally one to cancel deeds thereby removing cloud from title and is clearly an action involving land within the meaning of subdivision 14 fixing venue in the county where the land lies. *Dorfman Development Company v. American Commonwealth Development Company*, 523 S.W.2d 268, 270 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Where the primary purpose of the lawsuit is to remove an encumbrance from title to land as is demonstrated here, the fact that additional relief is sought does not preclude the mandatory application of subdivision 14. *Dorfman Development Company v. American Commonwealth Development Company, supra* at 270; *Best Investment Company v. Parkhill, supra* at 535.

■ The mandatory and controlling effect of subdivision 14 extends to any suit in which it appears either from the pleadings or proof that the real controlling issue is a question of title to land or an interest therein regardless of the form of the action or the relief prayed for. *Hawkins v. Gilger*, 399 S.W.2d 203, 210 (Tex.Civ.App.—Houston 1966, writ dism'd). Subdivision 14 will prevail over other merely permissive venue provisions to transfer the suit to the county where the land is situated. *Landeau v. Burke Investment Company*, 163 Tex. 562, 358 S.W.2d 553, 554 (1962); *Scott v. Whittaker Pipeline Construction, Inc.*, 517 S.W.2d 406, 408 (Tex.Civ.App.—Austin 1974, no writ). Therefore, any policy considerations of joinder to avoid multiplicity of actions have no application here. *Fetherson v. State*, 146 S.W.2d 1078, 1079 (Tex. Civ.App.—Beaumont 1940, writ ref'd).

■ It is our view that appellees' case, as made by their pleadings, is not solely an action for fraud and conspiracy. The true nature of the suit is one to remove cloud from title. The fact the original cause of action was filed in Harris County does not preclude nor estop appellant in response to the cross-petitions from urging that proper venue lay in Galveston County.

■ Furthermore, appellant did not file any pleadings which would effect a waiver of its right to file for a change of venue. Appellant observed the due order of pleading by filing its plea of privilege before its answer. *Empire Life Insurance Company of America v. State of Texas*, 492 S.W.2d 366, 367–68 (Tex.Civ.App.—Austin 1973, no writ); *Texas Securities Corporation v. Peters*, 463 S.W.2d 263, 264 (Tex.Civ. App.—Fort Worth 1971, no writ). It is further the position of this Court that the filing of the original petitions by both parties which were later consolidated did not work an estoppel on a change of venue with respect to appellant, DRG Financial Corporation.

Appellees' brief cites *Jozwiak v. Jozwiak,* 476 S.W.2d 857 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ) for the proposition that subdivision 14 does not absolutely require an action to cancel deeds and remove cloud from title be brought in the court where the land is. However, *Jozwiak* holds that subdivision 14 can be waived when no plea of privilege invoking this provision is filed as was the case in *Jozwiak.* We do not find appellees' proposition controlling. Appellees also cited *Pan American Sign Company v. J. B. Hotel Company,* 403 S.W.2d 548 (Tex.Civ.App.—Dallas 1966, no writ) which is distinguishable on the facts from the present case in that *Pan American* involved an attempt to satisfy a default judgment and alleged a fraudulent transfer of assets between creditors which consisted of two promissory notes secured by a deed of trust lien and a vendor's lien on property in Webb County, where appellant urged venue lay. The Dallas court held that subdivision 14 did not apply.

Reversed and rendered that the cause of action pertaining to appellant DRG Financial Corporation be transferred to Galveston County, Texas.