**314**

Bernard D. DRURY, Executor of the
Estate of William E. Hunt,
Deceased, Appellant,

v.

Arnold LEHMANN, Jr. et ux., Appellees.

No. 16423.

Court of Civil Appeals of Texas,
San Antonio.

May 28, 1980.

Scott S. Parker, Strauss, Jons & Parker, Kerrville, for appellant.

A. J. Saegert, Seguin, for appellees.

OPINION

MURRAY, Justice.

On October 12, 1971, William E. Hunt and wife, Pauline Usrey Hunt, conveyed certain real property located in Guadalupe County, Texas, to Arnold Lehmann, Jr., and wife, Elaine M. Lehmann, appellees, by general warranty deed. As part of the consideration for the sale a promissory note in the amount of $27,000 was given by the appellees to the Hunts. In addition, the appellees executed a deed of trust securing the $27,000 note as a second lien.

The promissory note provided that the unpaid balance would be canceled and the liens released at the death of the survivor of Hunt or his wife, if the appellees were not then in default. William E. Hunt died on March 1, 1979, his wife having predeceased him. The appellant is the executor of William Hunt's estate.

Subsequent to Hunt's death, the appellees requested that appellant execute a release to them of the liens securing the promissory note in accordance with the terms of the note. When the appellant refused to release the liens the appellees filed suit in Guadalupe County, Texas, to remove encumbrances and quiet title to the land. The appellant filed a plea of privilege to be sued in the county of his residence. In their controverting affidavit the appellees relied

on exception 14 of Article 1995, Texas Revised Civil Statutes Annotated, as a basis for maintaining venue in Guadalupe County. After a hearing the court overruled the plea of privilege. From this order an appeal has been perfected.

In his only point of error the appellant argues that the appellees' cause of action is primarily a suit for specific performance of the alleged contractual obligations contained in the promissory note, rather than a suit to remove encumbrances or quiet title. Thus, it is contended that venue may not be maintained in Guadalupe County, Texas, under exception 14 of Article 1995. We disagree.

Exception 14 provides that a suit to remove encumbrances or quiet title to land must be brought in the county where the land is located. Tex.Rev.Civ.Stat.Ann. art. 1995, § 14 (Vernon 1964). In order to bring a case within the above provision a plaintiff had the burden of proving two venue facts: 1) that the nature of the suit comes within the terms of the exception; and 2) that the land is situated in the county of suit. *See Edgar v. Bartek*, 507 S.W.2d 831, 833 (Tex. Civ.App.—Corpus Christi 1974, writ dism'd w.o.j.). Since it is undisputed that the property is located in Guadalupe County, the sole issue before the court is whether the suit is one to remove encumbrances and quiet title to land. This question is one of law to be determined by the court from the allegations of the plaintiff's petition. *See Rogers v. Scaling*, 285 S.W.2d 259, 260 (Tex. Civ.App.—Fort Worth 1955, mand. overr.); *Allison v. Yarborough*, 228 S.W.2d 930, 932 (Tex.Civ.App.—Amarillo 1950, no writ).

The appellees alleged the following: that they executed a vendor's lien and a deed of trust lien covering land owned by them in Guadalupe County; that they are entitled to a release of the liens; and, that the liens constituted an encumbrance on their land. Since it is undisputed that the property described in the appellees' petition is situated in Guadalupe County, Texas, and since the petition contains the essential allegations of a suit to remove encumbrances on title, venue must lie in Guadalupe Coun-

ty. *See Coldwell v. Nickels*, 68 S.W.2d 572, 574 (Tex.Civ.App.—Waco 1934, no writ).

The judgment of the trial court is affirmed.