**Hildagarde FAJKUS, Individually, and as Executrix of the Estate of V.R. Fajkus, Appellants,**

v.

**The FIRST NATIONAL BANK OF GIDDINGS, Appellee.**

**No. 13626.**

Court of Appeals of Texas, Austin.

June 15, 1983.

Rehearing Denied July 20, 1983.

Wendell S. Loomis, Houston, for appellants.

St. John Garwood, Jr., Dabney & Garwood, Houston, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Hildagarde Fajkus, individually and as executrix of the Estate of her late husband, V.R. Fajkus, as plaintiffs below, appeal the trial court's order sustaining appellee First National Bank of Giddings' plea of privilege and ordering the transfer of this cause from Fayette County to Lee County, Texas. We sustain appellants' point of error, reverse the trial court's order, and remand this cause for trial in Fayette County, Texas.

A review of the pleadings filed below reveals that appellants seek to recover title and possession of certain tracts of land in Fayette County, Texas, which they allege were wrongfully foreclosed upon by appellee bank. Appellants claim that appellee bank caused the deceased V.R. Fajkus to execute a note for $161,395.65 secured by a deed of trust on property owned by appellant, Hildagarde Fajkus, as her separate property, or alternatively as her community property, when appellee bank had full knowledge of that fact and further knowledge that the deceased V.R. Fajkus was a person *non compos mentis,* unable to manage his own property, his own financial affairs, and himself.

Appellants further allege that after the above described note became due and payable, appellee bank, without notice, held a trustee's sale of the property securing the note, at which time appellee bank purchased the parcels of land located in Fayette County for inadequate consideration. Appellants contend that the property had a surface value of more than $250,000, with a mineral value in excess of $1,000,000; and, that appellee bank's adverse claim to the ownership of the land constitutes a cloud upon the title to their property.

In conclusion, appellants pray:

WHEREFORE, your Plaintiffs pray that Defendant be served with citation hereto, *and that upon final hearing hereof Plaintiffs have Judgment of title and possession of the property which is the subject matter of this suit,* for damages, for costs of Court, and for such other and further relief at law and in equity to which they may show themselves justly entitled. [emphasis added]

Appellee bank contends that 12 U.S.C. § 94 (1945) requires that it be sued only in the County where it is located.[1] Appellants argue that Tex.Rev.Civ.Stat.Ann. art. 1995, § 14 (1964)[2] controls the action since it is one involving title to land, and therefore, "local" in nature and excluded from the federal preemption of 12 U.S.C. § 94 (1945).

In reviewing the United States Code, we find that 12 U.S.C. § 94 (1945) states:

*Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located* having jurisdiction in similar cases. [emphasis added]

■ This federal statute's predecessor, which is virtually identical to the present 12 U.S.C. § 94, was interpreted by the United States Supreme Court in *Casey v. Adams,* 102 U.S. 66, 67–68, 26 L.Ed. 52 (1880), in which the Supreme Court stated:

---

1. 12 U.S.C. § 94 (1945) has been interpreted to be a mandatory venue provision which dictates that a national bank may be sued only in the county in which it operates. Interestingly enough this Court was the first court to so hold in *Mercantile National Bank at Dallas v. Langdeau,* 331 S.W.2d 349 (Tex.Civ.App.1960). This opinion was reversed by the Texas Supreme Court in *Langdeau v. Mercantile National Bank at Dallas,* 161 Tex. 349, 341 S.W.2d 161 (1960). The Texas Supreme Court, which had held 12 U.S.C. § 94 to be merely directory and not mandatory, was reversed by the United States Supreme Court which adopted the mandatory rationale of this Court. *Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963).

2. Texas Rev.Civ.Stat.Ann. art. 1995, § 14 (1964) states:

14 Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

The federal question in this case is, whether a national bank can be sued in a local action in any other county or city than that where the bank is located .... This [statute], we think, relates to transitory actions only, and not to such actions as are by law local in their character .... We see nowhere in the Banking Act any evidence of an intention on the part of Congress to exempt banks from the ordinary rules of law affecting the locality of actions founded on local things. The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law unless it was expressly so declared. Local actions are in the nature of suits *in rem,* and are to be prosecuted where the thing on which they are founded is situated. ·

Appellee contends *Casey v. Adams, supra,* is no longer the rule to be followed and, in essence, asks this Court to ignore more than one hundred years of United States Supreme Court construction of 12 U.S.C. § 94. *Citizens & Southern Nat. Bank v. Bougas,* 434 U.S. 35, 38, n. 4, 98 S.Ct. 88, 90, n. 4, 54 L.Ed.2d 218 (1977); *North America v. Associates of Obstetrics & Female Surgery, Inc.,* 425 U.S. 460, 461, n. 1, 96 S.Ct. 1632, 1633, n. 1, 48 L.Ed.2d 92 (1976); *Michigan Nat. Bank v. Robertson,* 372 U.S. 591, 593, 83 S.Ct. 914, 915, 9 L.Ed.2d 961 (1963).[3] This we refuse to do since the evident rule is that actions concerning the title and possession of land are suits *in rem,* "and are to be prosecuted where the thing on which they are founded is situated."

Accordingly, we must overrule appellee bank's plea of privilege, sustain appellants' controverting plea, and in so doing, reverse the trial court's order, if we find that appellants' cause of action is one "local" in character.

■ The general rule is that any deed, contract, judgment, lien, or other instrument, not void on its face, which purports to convey any interest in or makes any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner. *DRG Financial Corp. v. Wade,* 577 S.W.2d 349 (Tex.Civ.App.1979, no writ); *Best Investment Co. v. Parkhill,* 429 S.W.2d 531 (Tex.Civ.App.1968, no writ); *Texan Development Co. v. Hodges,* 237 S.W.2d 436 (Tex. Civ.App.1951, no writ). And where one has parted with land or an interest therein, which he seeks to recover by attacking the instrument under which he lost title, his lawsuit is one for the recovery of land, and if that instrument is filed of record and for that reason would cloud his title, assuming one could prove its validity, his lawsuit would be one to remove an incumbrance upon the title to the land. *Drury v. Lehmann,* 602 S.W.2d 314 (Tex.Civ.App.1980, no writ); *DRG Financial Corp. v. Wade, supra; Leonard v. W.H. Carter,* 389 S.W.2d 147 (Tex.Civ.App.1965, writ dism'd). Universally, subdivision 14 applies when a party has alleged facts which, if established at trial, would entitle him to have a property interest in lands retransferred to him, or where removal of a cloud upon a title is requisite to establishing their rights under the facts of a case. *DRG Financial Corp. v. Wade, supra; Leonard v. W.H. Carter, supra; Wallace Investments, Inc. v. Blackstone,* 384 S.W.2d 910 (Tex.Civ.App.1964, no writ).

**3.** "The roots of this problem reach back to the Banking Act of 1863, 12 Stat. 665, replaced a year later by the Act of 1864, 13 Stat. 99. National banks are federal instrumentalities and the power of Congress over them is extensive. 'National banks are quasi-public institutions, and for the purpose for which they are instituted are national in their character, and, within constitutional limits, are subject to the control of Congress and are not to be interfered with by state legislative or judicial action, except so far as the lawmaking power of the government may permit. *Van Reed v. Peoples Nat. Bank,* 198 U.S. 554, 557 [25 S.Ct. 775, 776, 49 L.Ed. 1161]. Unquestionably Congress had authority to prescribe the manner and circumstances under which the banks could sue or be sued in the courts and it addressed itself to this matter in the 1863 Act.' " *Mercantile Nat. Bank v. Langdeau,* 371 U.S. 555, 558–59, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963).

Since appellants seek to "have judgment of title and possession of the property which is the subject matter of this suit," by having the trial court, among other things, declare the lien foreclosed by appellee bank null and void, we hold that appellants' cause of action is clearly "*in rem,*" and therefore, "local" in character as contemplated by the United States Supreme Court's interpretation of 12 U.S.C. § 94 (1945).[4]

Accordingly, we reverse the trial court's order and remand the cause for trial in Fayette County, Texas, the situs of the land now in dispute.

---

**4.** We must reject appellee bank's contention that art. 1995 is not applicable since appellants have failed to bring the exclusive statutory cause of action, trespass to try title. Since appellants' cause of action primarily alleges that appellee bank's deed to the land in question is voidable, and not void, we hold that trespass to try title is not the exclusive remedy available to appellants. *See Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671 (1942); *Beaman v. Bell,* 352 S.W.2d 923 (Tex.Civ.App. 1962, writ ref'd n.r.e.); *Morris v. Ratliff,* 291 S.W.2d 418 (Tex.Civ.App.1956, writ ref'd n.r.e.).

The mandatory workings of art. 1995, § 14 are triggered when it is shown that (1) the suit is one to recover land, damages to land, to remove encumbrances upon title of land, or to quiet title; and (2) that the land is situated in the county where the action proceeds to trial. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945). Since it is uncontested that the land is in Fayette County, and we have held the suit is one to recover land by various alleged means, we hold that art. 1995, § 14 mandates the cause to be brought in Fayette County.