<HTML>

<HEAD>

<META NAME="Generator" CONTENT="WordPerfect">

<TITLE></TITLE>

</HEAD>

<BODY TEXT="#000000" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

Opinion issue October 18, 2007

In The

Court of Appeals

For The

First District of Texas

NO. 01-06-00527-CV

__________

MICHAEL SCOTT,  Appellant

V.

WICHITA COUNTY AND

WICHITA COUNTY DISTRICT ATTORNEY

BARRY MACHA, Appellees

On Appeal from 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 05-CV-143400

O P I N I O N

Michael Scott appeals from the trial court's order granting Wichita County's

and Wichita County District Attorney Barry Macha's (collectively "Wichita County")

motion to dismiss with prejudice.  In his sole point of error, Scott contends that,

because the trial court's venue was improper, its order is void and constitutes

fundamental error.  We affirm the trial court's order.

Background

On June 22, 2005, Scott, an inmate within the Institutional Division of the

Texas Department of Criminal Justice, brought an action pro se and in forma pauperis

in Fort Bend County, alleging that Wichita County was liable for failing to file his

criminal complaints, thus denying him access to the courts. Wichita County filed a

motion to dismiss, claiming that the suit was barred by res judicata and collateral

estoppel and should be dismissed as frivolous under Chapter 14 of the Civil Practice

and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann.  14.003 (Vernon 2002)

(dismissal of inmate litigation).  The trial court granted the motion to dismiss without

stating its specific reasons and dismissed Scott's case with prejudice.  Scott appeals

the trial court's dismissal.

Venue

Scott's sole issue is that, because his suit was against Wichita County, venue

was mandatory in Wichita County, and, thus, the trial court committed fundamental

error by dismissing his suit with a void order.  We disagree.

It is well recognized that, by filing a lawsuit, the plaintiff is given the first

choice regarding venue.  See In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999).

Filing a lawsuit in a county of improper venue is not a jurisdictional defect that

would render a trial court's actions void.  Scott v. Gallagher, 209 S.W.3d 262, 264

(Tex. App.--Houston [1st Dist.] 2006, no pet.). (1)  Unlike subject-matter jurisdiction,

which may be challenged at any time, venue may be waived if not challenged in due

order and on a timely basis.  Id.  This is true, even if venue was mandatory in another

county.  See Jozwiak v. Jozwiak, 476 S.W.2d 857, 861 (Tex. Civ. App.--Houston

[14th Dist.] 1972, no writ) ("The requirement that suit be brought in the county in

which the land is located is one of venue or privilege and not of jurisdiction, and it

may be waived.").

When suit is filed against a Texas county, venue is mandatory in that county.  

Tex. Civ. Prac. & Rem. Code Ann.  15.015 (Vernon 2002).  Here, Scott improperly

brought suit against Wichita County in Fort Bend County.  However, because Wichita

County never filed a motion to transfer venue, it waived mandatory venue.  See Scott,

209 S.W.3d at 264.  Therefore, the Fort Bend County trial court had jurisdiction, and

its motion to dismiss was not void.  See id. at 264-65.

We note that Scott relies on Browning v. Placke.  698 S.W.2d 362 (Tex. 1985).  

Scott's reliance is misplaced, however, because Browning held that a judgment is

void where the issuing court lacked jurisdiction, whereas the trial court here had

jurisdiction.  See id. at 363.  Accordingly, because the trial court's order granting

Wichita County's motion to dismiss is not void, we hold the trial court did not

commit fundamental error.  Scott's sole issue is overruled.

Conclusion

We affirm the trial court's order granting Wichita County's motion to dismiss.

George C. Hanks, Jr.

Justice

Panel consists of Justices Taft, Hanks, and Higley.

1. However, there are limited situations where jurisdiction is tied to venue.  "Texas courts hold that

if a cause of action is a statutory cause of action, as opposed to a constitutional or common law cause

of action, and the statute provides that suit must be prosecuted in the courts of a single county, such

provisions are jurisdictional."  State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.--Corpus

Christi1989, writ denied).

.

</BODY>

</HTML>