**In re TARRANT COUNTY, Texas, Relator.**

No. 05–11–00379–CV.

Court of Appeals of Texas, Dallas.

July 28, 2011.

Christopher W. Ponder, Robert D. Browder, Assistant District Attorneys, Fort Worth, for Relator.

Jason C.N. Smith, Fort Worth, for Real Party in Interest.

Before Justices MOSELEY, MARTIN RICHTER, and FILLMORE.

## OPINION

Opinion by Justice MOSELEY.

Relator filed this mandamus proceeding after the trial court entered an order deny-

ing its motion to transfer venue to Tarrant County. We conclude the trial court abused its discretion in denying the motion to transfer venue and conditionally grant the writ of mandamus.

Real party in interest Nina Lopez sued relator, her former employer, under the Texas Whistleblower Act. TEX. GOV'T CODE ANN. § 554.001, *et seq.* (West 2004). Lopez filed the lawsuit in Dallas County, citing § 554.007(b) of that act, which provides,

[a] public employee of a local government entity *may* sue under this chapter in a district court of the county in which the cause of action arises or in a district court of any county in the same geographic area that has established with the county in which the cause of action arises a council of governments or other regional commission under Chapter 391, Local Government Code.

TEX. GOV'T CODE ANN. § 554.007(b) (West 2004) (emphasis added). The parties agree that Dallas County and Tarrant County are in the same geographic area and have established a "council of governments or other regional commission" within the meaning of the statute. However, relator argues that venue for this case is mandatory in Tarrant County under the Civil Practice and Remedies Code, which states, "[a]n action against a county shall be brought in that county." TEX. CIV. PRAC. & REM.CODE ANN. § 15.015 (West 2002). The trial court disagreed and denied relator's motion to transfer venue to Tarrant County.

The Supreme Court addressed the interplay between section 15.015 of the civil practice and remedies code and the venue provisions of the Whistleblower Act in *Wichita County v. Hart,* 917 S.W.2d 779 (Tex.1996). In that case, former sheriff's deputies filed suit in Travis County against their former employer, Wichita County, alleging violations of the Whistleblower Act. Wichita County moved to transfer venue to Wichita County, arguing that the Civil Practice and Remedies Code mandatory venue provision governing suits against counties controlled over the venue provisions found in the Whistleblower Act. The trial court and the court of appeals ruled against Wichita County.

The Supreme Court observed the venue provisions of the Whistleblower Act in effect when suit was filed stated that public employees "may sue" in the county in which the employee resided or in Travis County, and was therefore a permissive venue provision. *See* 917 S.W.2d at 781–82. In contrast, section 15.015 of the Civil Practice and Remedies Code, which stated (then as it does now) that a suit against a county "shall be brought" in that county, is a mandatory venue provision. *Id.* at 781. The Court concluded that the mandatory venue provision controlled over the permissive one, and that the trial court erred in denying Wichita County's motion to transfer venue. *Id.* at 783.

Real party in interest argues, based on the legislature's 1995 amendments to the Whistleblower Act, that *Wichita County* is no longer good law. She asserts that the legislature intended the current venue provision, quoted earlier, to be mandatory as well. And when faced with two mandatory venue provisions, we should hold the provision in the special or local statute (the Whistleblower Act) controls over the general provision (the Civil Practice and Remedies Code).

■ However, the Whistleblower Act's venue provision still refers to counties in which an employee or former employee "may" sue, indicating permissive venue. *See* TEX. GOV'T CODE ANN. § 554.007(b). Further, the Code Construction Act provides that the legislature's use of the word "may" creates discretionary authority or

grants permission or a power while the word "shall" imposes a duty, "unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute. . . ." *See* TEX. GOV'T CODE ANN. § 311.016 (West 2005). As these exceptions do not apply here, we conclude that the "may" language in the Whistleblower Act's venue provision relevant to local government entities still renders that venue provision permissive and not mandatory. *See id.*

■ Real party in interest also argues this construction would render the 1995 amendments meaningless, and thus violates the tenets of the Code Construction Act. *See id.* § 311.021; *G.N.B., Inc. v. Collin Cnty. Appraisal Dist.*, 862 S.W.2d 52, 56 (Tex.App.-Dallas 1993), *rev'd on other grounds*, 874 S.W.2d 659 (Tex.1994). We disagree. Although a county can insist on being sued in that county, it may waive that right. *See Scott v. Wichita Cnty.*, 248 S.W.3d 324, 326 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (venue may be waived if not challenged in due order and on a timely basis, even if venue was mandatory in another county). Further, "local government units" other than counties are still subject to the permissive venue provision in the Whistleblower Act.

■ Thus, we conclude the mandatory venue provision of § 15.015 of the Civil Practice and Remedies Code still controls over the permissive venue provision of the Whistleblower Act, and the trial court abused its discretion in denying relator's motion to transfer venue.

■ Mandamus is an appropriate remedy to correct a trial court's failure to enforce the mandatory venue provisions of § 15.015, whether or not relator has an adequate remedy by appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 15.0642 (West

2002); *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex.1999) (orig. proceeding). Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its January 24, 2011 "Order on Tarrant County's Motion to Transfer Venue" and to enter an order granting the motion.