**DENIED and Opinion Filed April 3, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00362-CV**

**IN RE AUTUMN RANCH, LLC, Relator**

**Original Proceeding from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-23-0212**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Miskel

Before the Court is relator's March 26, 2024 petition for writ of mandamus.

Relator challenges a December 1, 2023 Order Granting Motion to Transfer Venue wherein the trial court granted real party in interest's motion to transfer venue, severed relator's claims against real party in interest into trial court Cause No. 1-23-1844, and transferred Cause No. 1-23-1844 to the 95th Judicial District Court, Dallas County, Texas. Relator asks this Court to compel the trial court to vacate the December 1, 2023 order.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In*

*re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator contends that it brought this original proceeding pursuant to § 15.0642 of the civil practice and remedies code. That statute permits a party to "apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. Any application for a writ of mandamus must be filed before the later of (1) the ninetieth day before the date the trial starts or (2) the tenth day after the date the party receives notice of the trial setting. *Id.* When § 15.0642 applies, it is not necessary for a relator to demonstrate it lacks an adequate remedy by appeal. *In re Tarrant Cnty*, 345 S.W.3d 784, 786 (Tex. App.—Dallas 2011, orig. proceeding).

After reviewing relator's petition and the record before us, we conclude that relator failed to demonstrate the applicability of § 15.0642 to this original proceeding. Even if it did apply, we conclude that relator failed to demonstrate entitlement to the requested mandamus relief.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Also before the Court is relator's April 3, 2024 emergency motion for temporary relief. We deny the emergency motion as moot.

240362f.p05

/Emily Miskel/
_____
EMILY MISKEL
JUSTICE

–2–