**Michael SCOTT, Appellant,**

v.

**WICHITA COUNTY and Wichita County District Attorney Barry Macha, Appellees.**

**No. 01–06–00527–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 2007.

Rehearing Overruled Dec. 19, 2007.

Michael Scott, Beeville, TX, pro se.

Stacy Lori Kosub, Assistant Criminal District Attorney, Wichita Falls, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

Michael Scott appeals from the trial court's order granting Wichita County's and Wichita County District Attorney Barry Macha's (collectively "Wichita County") motion to dismiss with prejudice. In his sole point of error, Scott contends that, because the trial court's venue was improper, its order is void and constitutes fundamental error.

We affirm the trial court's order.

### Background

On June 22, 2005, Scott, an inmate within the Institutional Division of the Texas Department of Criminal Justice, brought an action pro se and *in forma pauperis* in Fort Bend County, alleging that Wichita County was liable for failing to file his criminal complaints, thus denying him access to the courts. Wichita County filed a motion to dismiss, claiming that the suit was barred by res judicata and collateral estoppel and should be dismissed as frivolous under Chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002) (dismissal of inmate litigation). The trial court granted the motion to dismiss without stating its specific reasons and dismissed Scott's case with prejudice. Scott appeals the trial court's dismissal.

### Venue

Scott's sole issue is that, because his suit was against Wichita County, venue was mandatory in Wichita County, and, thus, the trial court committed fundamental error by dismissing his suit with a void order. We disagree.

It is well recognized that, by filing a lawsuit, the plaintiff is given the first choice regarding venue. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999). Filing a lawsuit in a county of improper venue is not a jurisdictional defect that

would render a trial court's actions void. *Scott v. Gallagher,* 209 S.W.3d 262, 264 (Tex.App.-Houston [1st Dist.] 2006, no pet.).[1] Unlike subject-matter jurisdiction, which may be challenged at any time, venue may be waived if not challenged in due order and on a timely basis. *Id.* This is true, even if venue was mandatory in another county. *See Jozwiak v. Jozwiak,* 476 S.W.2d 857, 861 (Tex.Civ.App.-Houston [14th Dist.] 1972, no writ) ("The requirement that suit be brought in the county in which the land is located is one of venue or privilege and not of jurisdiction, and it may be waived.").

When suit is filed against a Texas county, venue is mandatory in that county. TEX. CIV. PRAC. & REM.CODE ANN. § 15.015 (Vernon 2002). Here, Scott improperly brought suit against Wichita County in Fort Bend County. However, because Wichita County never filed a motion to transfer venue, it waived mandatory venue. *See Scott,* 209 S.W.3d at 264. Therefore, the Fort Bend County trial court had jurisdiction, and its motion to dismiss was not void. *See id.* at 264–65.

We note that Scott relies on *Browning v. Placke.* 698 S.W.2d 362 (Tex.1985). Scott's reliance is misplaced, however, because *Browning* held that a judgment is void where the issuing court lacked jurisdiction, whereas the trial court here had jurisdiction. *See id.* at 363. Accordingly, because the trial court's order granting Wichita County's motion to dismiss is not void, we hold the trial court did not commit fundamental error. Scott's sole issue is overruled.

**Conclusion**

We affirm the trial court's order granting Wichita County's motion to dismiss.

---

1. However, there are limited situations where jurisdiction is tied to venue. "Texas courts hold that if a cause of action is a statutory cause of action, as opposed to a constitutional or common law cause of action, and the statute provides that suit must be prosecuted in the courts of a single county, such provisions are jurisdictional." *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi1989, writ denied).