Opinion issued March 25, 2010

 

 

 

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00277-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHAEL SCOTT, Appellant

 

V.

 

PABLO GARZA; AND DENISE KERR, IN HER OFFICIAL
CAPACITY; AND UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Appellees

 

 



On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 06-DCV-147744

 

 



MEMORANDUM OPINION

          Appellant, Michael
Scott, who is incarcerated and represents himself pro se, challenges the trial
court’s order dismissing his lawsuit for personal injuries against appellees,
Pablo Garza, Denise Kerr, and the University of Texas Medical Branch at
Galveston (“UTMB”).  In his sole issue,
Scott contends that the trial court erred in dismissing his case for want of
prosecution.

          We
affirm.

Background

          On February
9, 2006, Scott, an inmate within the Institutional Division of the Texas
Department of Criminal Justice (“TDCJ”), filed in Fort Bend County his original
petition, in which he alleged that, while he was incarcerated in the TDCJ McConnell
Unit in Bee County, Garza assaulted him and Kerr failed to provide an ice pack
for his injuries.  He also alleged that UTMB’s
policy regarding the application of ice packs violates the Texas Tort Claims
Act.[1]  

The trial
court, on October 9, 2008, sent Scott a notice informing him that his case had
been set on its dismissal docket and of the actions necessary to retain the
case on the court’s docket.  On November
10, 2008, Scott responded by filing a second “Plaintiff’s Original Petition,” in
which he alleged the same causes of action. 
He included with his second petition a complete list of the lawsuits that
he had previously filed.[2]  On December 19, 2008, the trial court entered
its order of dismissal for want of prosecution. 


Jurisdiction

In his sole
issue, Scott argues that the trial court committed “fundamental error” in
dismissing his lawsuit because the trial court was without power to enter such
an order as he had filed the lawsuit in a county of improper venue.  

Whether a
trial court has subject-matter jurisdiction is a question of law we review de
novo.  Westbrook v. Penley, 231 S.W.3d 389, 394 (Tex. 2007).  For a cause of action that accrues while an
inmate-plaintiff is housed in a facility operated by or under contract with TDCJ,
venue is mandatory in “the county in which the facility is located.”  Tex.
Civ. Prac. & Rem. Code Ann. § 15.019 (Vernon 2002).  Filing a lawsuit in a county of improper venue
is not a jurisdictional defect that renders a trial court’s actions void.  Scott
v. Gallagher, 209 S.W.3d 262, 264 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  Unlike subject-matter
jurisdiction, which may be challenged at any time, venue may be waived if not timely
challenged and in due order, even if venue was mandatory in another county.[3]  Id.;
see Jozwiak v. Jozwiak, 476 S.W.2d
857, 861 (Tex. Civ. App.—Houston [14th Dist.] 1972, no writ).  

Venue was
mandatory in Bee County for Scott’s lawsuit because his causes of action
accrued while he was incarcerated in the McConnell Unit operated by TDCJ.  Thus, Scott improperly brought this lawsuit
in Fort Bend County.  However, because the
defendants did not move to transfer venue, they waived mandatory venue.  See Gordon
v. Jones, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.).[4]
 Accordingly, we hold that the trial
court had jurisdiction to dismiss Scott’s lawsuit for want of prosecution.

We overrule Scott’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel
consists of Justices:  Jennings, Hanks,
and Bland

 











[1]           See Tex. Civ. Prac. & Rem. Code
§§ 101.001–.109 (Vernon 2005).

 





[2]           Michael
Scott was added to the Texas List of Vexatious Litigants on April 30,
2007.  See Tex. Civ. Prac. &
Rem. Code Ann. § 11.101 (Vernon 2002).

 





[3]           However,
in limited situations, jurisdiction is tied to venue.  See
Scott v. Wichita County, 248 S.W.3d 324, 326 (Tex. App.—Houston [1st Dist.] 2007, no
pet.) (citing to State v. Benavides,
772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied), “if a cause
of action is a statutory cause of action, as opposed to a constitutional or
common law cause of action, and the statute provides that suit must be
prosecuted in the courts of a single county, such provisions are jurisdictional.”).

 





[4]           In
support of his argument, Scott relies on Browning
v. Placke, 698 S.W.2d 362, 363 (Tex. 1985). 
This reliance is misplaced.  In Browning, the Texas Supreme Court held
that a judgment is void where the issuing court lacked jurisdiction.  Id.