02-10-435-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00435-CV

 

 


 
 
 Anthony D. Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Rick Thaler, Director, Texas Department of Criminal
 Justice, Institutional Division
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 89th
District Court OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          In
one issue, Appellant Anthony D. Johnson contends in this pro se appeal that the
trial court abused its discretion by dismissing his claims.  We affirm.

II. 
Factual and Procedural Background

          Johnson,
a Texas Department of Criminal Justice (TDCJ) inmate in Iowa Park, Texas, filed
a pro se civil lawsuit in the 89th District Court of Wichita County against
Rick Thaler, Director of the TDCJ Institutional Division.  In his petition, Johnson
stated that he was convicted of aggravated robbery and aggravated assault in
the 291st District Court of Dallas County.  He alleged that his sentence and release
and parole dates were improper because the police report and the judgment did
not include a deadly weapon finding,[2] making his sentence and
continued detention illegal and in violation of his rights under the United
States and Texas Constitutions.  Johnson then asked the 89th district court to
“order the illegal Deadly Weapon Findings [t]o be deleted from his Judgement
and sentence and his T.D.C.J. ID Record to be adjusted to show his parole date
and release date”; he also requested damages.  The record does not contain a
copy of the 291st district court’s judgment of conviction and sentence.

The 89th
district court dismissed Johnson’s suit after stating that it had reviewed the
pleadings on its own motion and found under chapter fourteen of the civil
practice and remedies code that Johnson’s “realistic chance of ultimate success”
was slight.  Thaler then filed his answer and a motion to dismiss for lack of
jurisdiction, and the trial court granted Thaler’s motion.

III. 
Discussion

          Johnson
argues that the trial court abused its discretion by dismissing his claims as
frivolous, and he complains that he is suffering a “continuing violation” of
his civil rights due to “an unconstitutional restraint” of his liberty.

          Under
chapter fourteen of the civil practice and remedies code, a trial court may
dismiss an inmate’s lawsuit that is malicious or frivolous.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2010); Leachman v. Dretke,
261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh’g).  We
review a chapter fourteen dismissal to determine whether the trial court abused
its discretion; in other words, we must decide whether the trial court’s act
was arbitrary or unreasonable.  Leachman, 261 S.W.3d at 303–04 (citing Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986)).  We review subject matter jurisdiction,
which may be challenged at any time, de novo.  See Scott v. Wichita County,
248 S.W.3d 324, 326 (Tex. App.—Houston [1st Dist.] 2007, no pet.); see also
Thompson v. Aliseda, No. 13-08-00417-CV, 2009 WL 200994, at *3 (Tex.
App.—Corpus Christi Jan. 29, 2009, pet. denied) (mem. op.) (holding that the
trial court did not abuse its discretion by dismissing inmate’s claims for lack
of subject matter jurisdiction when a writ of habeas corpus is the exclusive
remedy for challenging the duration of incarceration).

          Although
Johnson argues that “[t]his is a civil action and not habeas corpus,” we note
that “[t]he writ of habeas corpus is the remedy to be used when any person is
restrained [of] his liberty.”  See Tex. Code Crim. Proc. Ann. art. 11.01
(Vernon 2010).  After a final conviction in a non-death-penalty felony case, an
application for writ of habeas corpus must be filed with the clerk of the court
in which the conviction being challenged was obtained; the writ must be made returnable
to the court of criminal appeals.  Id. art. 11.07, § 3(a), (b)
(Vernon 2010).  The procedure set forth in article 11.07 is exclusive, and any
other proceeding is void and of no force and effect in discharging the inmate. 
Id. art. 11.07, § 5; see Hoang v. State, 872 S.W.2d 694, 697
(Tex. Crim. App. 1993) (stating that the court of criminal appeals alone has
authority to release from confinement persons who have been finally convicted
of noncapital felonies), cert. denied, 513 U.S. 863 (1994); see also Bd.
of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (“Jurisdiction to grant post
conviction habeas corpus relief on a final felony conviction rests exclusively
with this Court.”).

Further,
in his original petition, Johnson prayed not only for the trial court to delete
the deadly weapon finding from his judgment and sentence and to adjust his
parole and release dates but also for the trial court to “grant any and all
Damages it see’s [sic] that Plaintiff is entitled Too [sic]” based on the federal
and state civil rights violations that he alleged.  However, Texas does not
have an implied private right of action for damages for constitutional
violations, and it has no statute comparable to 42 U.S.C. § 1983.  See City
of Beaumont v. Bouillion, 896 S.W.2d 143, 147 (Tex. 1995).  And a civil
tort action for violation of federal constitutional rights is not an
appropriate vehicle “for challenging the validity of outstanding criminal judgments,”
which is essentially the basis of Johnson’s complaint here, although he does
not explicitly state that his federal constitutional claims are brought under §
1983.  See Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372
(1994) (holding that to recover damages for an allegedly unconstitutional
imprisonment, or for other harm caused by actions whose unlawfulness would
render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
conviction or sentence has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal authorized to make such
determination, or called into question by a federal court’s issuance of a writ
of habeas corpus); see also Edwards v. Balisok, 520 U.S. 641, 648, 117 S.
Ct. 1584, 1589 (1997) (prohibiting prisoner’s § 1983 claim for damages based on
deprivation of good-time credit when prisoner failed to show his punishment had
been invalidated under Heck); Littles v. Bd. of Pardons & Paroles
Div., 68 F.3d 122, 123 (5th Cir. 1995) (applying Heck to parole
proceedings).

In
his petition, Johnson challenged the legality of his detention in the wrong
court using the wrong vehicle.  See Tex. Code Crim. Proc. Ann. arts.
11.01, 11.07.  And it is axiomatic that if a court does not have jurisdiction
over a claim, then the claim’s chance of ultimate success is nonexistent.  See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(1).  Because Johnson’s
lawsuit seeks habeas corpus relief and because the trial court lacked subject
matter jurisdiction to consider it, the trial court did not abuse its
discretion by entering either of its dismissal orders.  We overrule Johnson’s
sole issue.

IV. 
Conclusion

          Having
overruled Johnson’s sole issue, we affirm the trial court’s judgment.

 

 

BOB MCCOY
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  May 12, 2011









[1]See
Tex. R. App. P. 47.4.





[2]In
his petition, Johnson complains both that a deadly weapon finding was not
included in the judgment and that it was.