

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00435-CV

ANTHONY D. JOHNSON                                    APPELLANT

V.

RICK THALER, DIRECTOR, TEXAS                          APPELLEE
DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL
DIVISION

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In one issue, Appellant Anthony D. Johnson contends in this pro se appeal

that the trial court abused its discretion by dismissing his claims. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Johnson, a Texas Department of Criminal Justice (TDCJ) inmate in Iowa Park, Texas, filed a pro se civil lawsuit in the 89th District Court of Wichita County against Rick Thaler, Director of the TDCJ Institutional Division. In his petition, Johnson stated that he was convicted of aggravated robbery and aggravated assault in the 291st District Court of Dallas County. He alleged that his sentence and release and parole dates were improper because the police report and the judgment did not include a deadly weapon finding,[2] making his sentence and continued detention illegal and in violation of his rights under the United States and Texas Constitutions. Johnson then asked the 89th district court to "order the illegal Deadly Weapon Findings [t]o be deleted from his Judgement and sentence and his T.D.C.J. ID Record to be adjusted to show his parole date and release date"; he also requested damages. The record does not contain a copy of the 291st district court's judgment of conviction and sentence.

The 89th district court dismissed Johnson's suit after stating that it had reviewed the pleadings on its own motion and found under chapter fourteen of the civil practice and remedies code that Johnson's "realistic chance of ultimate success" was slight. Thaler then filed his answer and a motion to dismiss for lack of jurisdiction, and the trial court granted Thaler's motion.

## III. Discussion

Johnson argues that the trial court abused its discretion by dismissing his claims as frivolous, and he complains that he is suffering a "continuing violation" of his civil rights due to "an unconstitutional restraint" of his liberty.

---

[2]In his petition, Johnson complains both that a deadly weapon finding was not included in the judgment and that it was.

Under chapter fourteen of the civil practice and remedies code, a trial court may dismiss an inmate's lawsuit that is malicious or frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2010); *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). We review a chapter fourteen dismissal to determine whether the trial court abused its discretion; in other words, we must decide whether the trial court's act was arbitrary or unreasonable. *Leachman*, 261 S.W.3d at 303–04 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986)). We review subject matter jurisdiction, which may be challenged at any time, de novo. *See Scott v. Wichita County*, 248 S.W.3d 324, 326 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Thompson v. Aliseda*, No. 13-08-00417-CV, 2009 WL 200994, at *3 (Tex. App.—Corpus Christi Jan. 29, 2009, pet. denied) (mem. op.) (holding that the trial court did not abuse its discretion by dismissing inmate's claims for lack of subject matter jurisdiction when a writ of habeas corpus is the exclusive remedy for challenging the duration of incarceration).

Although Johnson argues that "[t]his is a civil action and not habeas corpus," we note that "[t]he writ of habeas corpus is the remedy to be used when any person is restrained [of] his liberty." *See* Tex. Code Crim. Proc. Ann. art. 11.01 (Vernon 2010). After a final conviction in a non-death-penalty felony case, an application for writ of habeas corpus must be filed with the clerk of the court in which the conviction being challenged was obtained; the writ must be made returnable to the court of criminal appeals. *Id.* art. 11.07, § 3(a), (b) (Vernon 2010). The procedure set forth in article 11.07 is exclusive, and any other proceeding is void and of no force and effect in discharging the inmate. *Id.* art.

3

11.07, § 5; *see Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (stating that the court of criminal appeals alone has authority to release from confinement persons who have been finally convicted of noncapital felonies), *cert. denied*, 513 U.S. 863 (1994); *see also Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with this Court.").

Further, in his original petition, Johnson prayed not only for the trial court to delete the deadly weapon finding from his judgment and sentence and to adjust his parole and release dates but also for the trial court to "grant any and all Damages it see's [sic] that Plaintiff is entitled Too [sic]" based on the federal and state civil rights violations that he alleged. However, Texas does not have an implied private right of action for damages for constitutional violations, and it has no statute comparable to 42 U.S.C. § 1983. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995). And a civil tort action for violation of federal constitutional rights is not an appropriate vehicle "for challenging the validity of outstanding criminal judgments," which is essentially the basis of Johnson's complaint here, although he does not explicitly state that his federal constitutional claims are brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994) (holding that to recover damages for an allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

4

court's issuance of a writ of habeas corpus); *see also Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589 (1997) (prohibiting prisoner's § 1983 claim for damages based on deprivation of good-time credit when prisoner failed to show his punishment had been invalidated under *Heck*); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to parole proceedings).

In his petition, Johnson challenged the legality of his detention in the wrong court using the wrong vehicle. *See* Tex. Code Crim. Proc. Ann. arts. 11.01, 11.07. And it is axiomatic that if a court does not have jurisdiction over a claim, then the claim's chance of ultimate success is nonexistent. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(1). Because Johnson's lawsuit seeks habeas corpus relief and because the trial court lacked subject matter jurisdiction to consider it, the trial court did not abuse its discretion by entering either of its dismissal orders. We overrule Johnson's sole issue.

## IV. Conclusion

Having overruled Johnson's sole issue, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: May 12, 2011

5