ACCEPTED
03-14-00697-CV
6167008
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/21/2015 11:17:34 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00697-CV**

In The Court of Appeals
For The Third Court of Appeals District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/21/2015 11:17:34 PM
JEFFREY D. KYLE
Clerk

**PAMELA MEHL,**
*Appellant*

**v.**

**DAVID STERN,**
*Appellee*

ON APPEAL FROM THE 250TH DISTRICT COURT
TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-14-002071

**BRIEF OF APPELLEE DAVID STERN**

Brent A. Devere (Lead Counsel)
Attorney at Law
SBN 00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Tel: 512-457-8080
Fax: 512-457-8060
Email: BDevere@1411west.com

*Counsel for Appellee David Stern*

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES…………………………………….....................iii-iv

STATEMENT OF THE CASE………………………………………………1

STATEMENT REGARDING ORAL ARGUMENT……………...................2

STATEMENT OF FACTS……………………………………………….…..3-4

SUMMARY OF THE ARGUMENT………………….………....................5-6

ARGUMENT………………………………………………….....................6

    A. The restricted appeal should be dismissed in light of the
       fact that Mehl filed a motion for new trial
       in the district court……………………………………….......6-8

    B. Venue was established in Travis County as a matter of law
       and therefore does not constitute error
       apparent on the face of the record………………………………8-9

    C. Judgment for Rescission of the original conveyance
       is not error……………………………………………………...9-12

    D. Judgment for $20,000.00 damages is not error…………………12-13

    E. Double recovery for rescission and damages is not error…………13-14

    F. Judgment for attorneys' fees is not error…………………….....14

    G. Failure to join IndyMac is not error……………………….....15

    H. Three day notice required for receiver is not applicable…………..16

CONCLUSION AND PRAYER……………………………………….....17

CERTIFICATE OF SERVICE……………………………………………19

i

APPENDIX

A. Judgment (CR. 15-26)………………………………………………TAB A

B. Motion for New Trial (CR. 32-33)……………………………….TAB B

# INDEX OF AUTHORITIES

## <u>CASES</u>

*Alexander v. Lynda's Boutique,*
    134 S.W.3d 845(Tex. 2004)……………………………………………..6

*Champion v. Estlow*,
    456 S.W.3d 363, 364 (Tex. App.—Austin 2015, pet. filed)……………….8

*Cooper v. Hamilton County,*
    2014 Tex. App. LEXIS 1066 (Tex. App.—Waco Jan. 30, 2014,
    pet. denied)…………………………………………………………....15

*Glenn v. Lucas,*
    376 S.W.3d 268 (Tex. App.—Texarkana 2012, no pet.)…………….............11

*Goldman v. Olmstead,*
    414 S.W.3d 346 (Tex. App.—Dallas 2013, pet. denied)………...................13

*Grynberg v. Christiansen,*
    727 S.W.2d 665, (Tex. App.—Dallas 1987, no writ)……………………...15

*McGoodwin v. McGoodwin,*
    671 S.W.2d 880 (Tex. 1984)…………………………………………………12

*Scott v. Gallagher,*
    209 S.W.3d 262 (Tex. App.—Houston [1st Dist.] 2006, no pet.)………….9

*Scott v. Sebree,*
    986 S.W.2d 364 (Tex. App.—Austin 1999, pet. denied)……………….......14

*Scott v. Wichita County,*
    248 S.W.3d 324 (Tex. App.—Houston [1st Dist.] 2007, no pet.)………….9

*TAC v. Boothe,*
    94 S.W.3d 315 (Tex. App.—Austin 2002, no pet.)…………………….......6

*Taylor v. State*
    293 S.W.3d 913 (Tex. App.—Austin 2009, no pet.)………………………6

*Walton v. First Nat'l Bank of Trenton,*
      956 S.W.2d 647 (Tex. App.—Texarkana 1997, pet. denied)……………..11

## RULES / STATUTES

Tex. R. App. P. 4.2(a)(1)……………………………………………………7-8

Tex. R. Civ. P. 306(a)(4)…………………………………………………....7-8

Tex. R. Civ. P. 86(1)………………………………………………………..8-9

Tex. R. Civ. P. 695……………………………………………………………16

Tex. R. Civ. P. 39……………………………………………………………...15

Tex. Fam. Code Ann. §105.003……………………………………………..6

## STATEMENT OF THE CASE

**Nature of the Case:** This case is a restricted appeal in connection with a default judgment obtained by Appellee Stern.

**Trial Judge:** The Honorable Jon Wisser
250th Judicial District Court
of Travis County, Texas

**Course of Proceedings:** David Stern, Appellee, filed suit against Pamela Mehl, Appellant, primarily to seek rescission of a 50% real estate property conveyance that was originally made pursuant to a property settlement agreement (CR 3-12).

Stern further sought monetary damages, and the appointment of a receiver (CR 3-12). Stern's Original Petition was the live pleading in this case (CR 3-12).

Mehl was properly served at the office of her attorney (CR 13-14). Stern subsequently obtained a default judgment against Mehl (CR 15-26).

Mehl filed a motion for new trial in the trial court but failed to pursue said motion (CR 32-33).

**Trial Court Disposition:** The trial court granted a default judgment for Stern (CR 15-26).

Mehl subsequently pursued this restricted appeal notwithstanding the fact that she also filed a motion for new trial in the trial court (CR 32-33 and CR 34-60).

1

## STATEMENT REGARDING ORAL ARGUMENT

Stern does not seek oral argument in this appeal.

## STATEMENT OF FACTS

Stern filed Plaintiff's Original Petition in the Travis County District Court on June 26, 2014 (CR 3-12). The primary basis of the lawsuit was to rescind a real estate conveyance of Stern's 50% interest to Mehl after Mehl defaulted on the preexisting third party mortgage (CR 3-12). Stern primarily sought rescission of the conveyance in his capacity as a creditor pursuant to a vendor's lien as well as under a breach of contract claim (CR 3-12). Stern further sought monetary damages in connection with the arrears as well as damages to his credit (CR 3-12). Finally, Stern sought the appointment of a receiver primarily to protect the property from the underlying lienholder (CR 3-12).

On July 3, 2014, Stern served Mehl in person with a citation and a copy of the lawsuit at the office of an attorney (CR 13-14). Moreover, the process server filed an affidavit of service with the court on July 8, 2014 (CR 14).

Stern did not dispute that the subject real property is located in Williamson County. However, Stern alleged several theories in Plaintiff's Original Petition in support of Travis County as the appropriate venue, and Stern incorporates Plaintiff's Original Petition in this regard (CR 3-12).

Mehl failed to timely file an answer in the lawsuit and further failed to timely object to the venue of the lawsuit (CR 2).

On July 29, 2014, the Travis County District Court formally entered a default judgment against Mehl in favor of Stern. For the purposes of brevity, Stern incorporates the judgment of July 29, 2014 and all resulting relief (CR 15-26).

Stern filed supporting documents in support of the default judgment (CR 27-29). Stern further filed an Affidavit of Attorney's Fees (Supp. CR 15-17). Stern also filed a Non-Military Affidavit and Certificate of Last Known Address (Supp. CR 18-21 and Supp. CR 13-14).

On or about October 13, 2014 Mehl file a Motion for New Trial in Travis County District Court (CR. 32-33). However, Mehl failed to pursue the matter.

On or about November 4, 2014, Mehl filed a restricted appeal in this cause (CR. 34-60).

## SUMMARY OF THE ARGUMENT

The fact that Mehl filed an arguable timely motion for new trial in the Travis County District Court precludes her from also pursuing a restricted appeal (CR 32-33). Mehl subsequently abandoned the motion for new trial instead of scheduling it for a hearing with the trial court.

There is no error apparent on the face of the record in so much as 1) Mehl has not alleged any defect whatsoever in the service of process, 2) Mehl waived any challenge to venue and 3) all the relief in the judgment is supported by the clerk's record.

The clerk's record contains considerable evidence in support of the judgment, including a copy of the warranty deed which recites the obligations of Mehl to assume the underlying mortgage on the subject property. There is further written evidence of the many delinquent payments on the underlying mortgage by Mehl, all of which support the rescission and damages that are the basis of the judgment. Finally, the record contains an affidavit of attorneys' fees.

Moreover, contrary to the assertions of Mehl, there is no requirement of a reporter's record in a no answer default judgment hearing (as opposed to a post answer default hearing). *Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.). Furthermore, this case is not a family law case that might require a reporter record under Tex. Fam. Code Ann. §105.003.

## ARGUMENT

### A. The restricted appeal should be dismissed in light of the fact that Mehl filed a timely motion for new trial in the district court.

The requirements for a restricted appeal are the following: 1) A notice of restricted appeal must be filed within six months after the judgment is signed; 2) The notice is filed by a party to the lawsuit; 3) The party did not participate in the hearing that resulted in the judgment complained of and **the party did not file a timely post-judgment motion or request for findings of fact and conclusions of law;** and 4) Error must be apparent on the face of the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004*)* and *TAC v. Boothe*, 94 S.W.3d 315 (Tex. App.—Austin 2002, no pet.).

The record is clear that the trial court entered a default judgment on July 29, 2014 (CR 15-26). However, on October 13, 2014, Mehl filed a Motion for New Trial in the trial court (CR 32-33).

Although the deadline for a motion for new trial is typically thirty days after the entry of judgment, both Tex. R. App. P. 4.2(a)(1) and Tex. R. Civ. P. 306(a)(4) extend the deadline for a motion for new trial if the defendant does not receive actual or constructive notice of the judgment within twenty days of the entry of judgment. Instead, under such circumstances the time period for the motion for new trial deadline begins when the defendant first acquired actual knowledge of the default judgment and not later than ninety days after entry of the judgment.

Mehl admits in Appellant's Brief that she never received the notice of judgment from the district clerk and that she first became aware of the default judgment in October, 2014 (Appellants Brief, Page 11, paragraphs #13 and #14).

Therefore, by her own admission, the motion for new trial was timely filed since it was filed on or about October 13, 2014, well within 30 days of when Mehl supposedly first became aware of the judgment in October of 2014, and less than 90 days after the date of judgment (CR 32-33). Under such circumstances, Mehl's

7

motion for a new trial was timely filed and she could have pursued relief from the trial court under both Tex. R. App. P. 4.2(a)(1) and Tex. R. Civ. P. 306(a)(4). Consequently, Mehl should not be able to pursue this restricted appeal.

### B. Venue was established in Travis County as a matter of law and does not constitute error apparent on the face of the record.

Mehl argues at length that Travis County was an improper venue for the underlying proceeding, including the appointment of the receiver, in light of the fact that Williamson County is the mandatory venue. Therefore, according to Mehl, the filing of the lawsuit in Travis County constitutes reversible error apparent on the face of the record.

However, the law is clear that venue is waived if a defendant fails to timely object in the trial court. Tex. R. Civ. P. 86(1) establishes the procedure for objecting to venue and also clearly states that a failure to timely object is a waiver of venue. *Champion v. Estlow*, 456 S.W.3d 363, 364-365 (Tex. App.—Austin 2015, pet. filed).

Several courts have confirmed that even mandatory venue is waived if a party fails to timely object under Tex. R. Civ.P. 86(1). *Scott v. Wichita County*, 248 S.W.3d 324 (Tex. App—Houston [1ˢᵗ Dist.] 2007, no pet.) and *Scott v. Gallagher,* 209 S.W.3d 262, 264 (Tex. App—Houston [1ˢᵗ Dist.] 2006, no pet.). Moreover, both courts have confirmed that venue is not jurisdictional and is waived by a defendant who fails to timely object to venue.

In short, venue, including mandatory venue, is not jurisdictional. The failure of Mehl to timely file an objection to venue prior to the judgment date constituted a waiver of venue. Therefore, the district court correctly acquired venue in Travis County as a matter of law when it entered a default judgment in this proceeding.

## C. Judgment for rescission is supported by the record

One of the key aspects of the underlying judgment was the rescission of the original 50% land conveyance from Stern to Mehl in light of Mehl's failure to tender the required payments to the underlying mortgagee.

The judgment itself incorporates the original warranty deed as an exhibit whereby Stern conveyed his 50% interest to Mehl (CR 15-26). The warranty deed from Stern to Mehl further contains clear language that obligated Mehl to timely pay all mortgage payments on the existing mortgage and further that she was required to indemnify Stern from any default (CR 19-26).

In addition, unlike a more typical real estate transaction that involves an assumption of a prior mortgage, Mehl was already a 50% owner of the property prior to the conveyance of Stern to Mehl of his 50% interest (CR 19-26). In addition, the judgment does not disturb Mehl's preexisting 50% interest and only focuses on the subsequent 50% interest Mehl received from Stern.

Stern sought rescission of the underlying conveyance in his original petition pursuant to both a trespass to try title claim to foreclose on his implied vendor's lien AND pursuant to a breach of contract claim (CR 3-12). In addition, paragraph #8 of the original petition referenced a deed of trust to secure assumption in support of Mehl's obligations with respect to the conveyance from Stern to Mehl (CR 3-12).

There is case law that supports that a party may seek the remedy of rescission through a judicial proceeding as a result of failure of a party to pay a secured debt. *Walton v. First Nat'l Bank of Trenton*, 956 S.W.2d 647, 652 (Tex. App.—Texarkana 1997, pet. denied) and *Glenn v. Lucas*, 376 S.W.3d 268, 276 (Tex. App.—Texarkana 2012, no pet.). Stern further offered evidence of the delinquency of the mortgage payments by Mehl which could easily support a basis of foreclosure of a vendor's lien and rescission of the original 50% interest (CR 27-29).

The arguments by Mehl that a rescission does not address a supposedly larger settlement agreement have no merit. Firstly, the focus of the underlying judgment was to specifically address a default by Mehl in connection to the conveyance by Stern of his 50% interest in the subject property.

Mehl has never directly challenged in her brief the existence of the vendor's lien and the right of Stern to seek rescission of the conveyance in his capacity as a creditor in the transaction. Instead, Mehl argues that it is improper to allow a rescission of only the property conveyance without also addressing the larger settlement agreement.

The Texas Supreme Court recognized an implied vendor's lien in connection to the transfer of a particular piece of real estate between spouses pursuant to a divorce decree. *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984). Therefore, the fact that there is a larger settlement agreement does not invalidate efforts by Stern to seek rescission of the underlying real estate transaction.

Stern exercised his right to seek rescission of the transaction based on his implied vendor's lien and based on a breach of contract claim after Mehl defaulted on the obligation and exposed Stern and the property to great financial harm. The vendor's lien and any contract claims are directed solely at the conveyance itself. Therefore, as long as Stern prevails under either an implied vendor's lien or a breach of contract claim, he would be entitled to rescission.

### D. Judgment for $20,000.00 damages is not error

Contrary to Mehl's assertion that there is no evidence in support of the monetary damages, Stern offered evidence of the delinquency of the underlying mortgage which totaled approximately $16,471.50 (CR 27-29). Moreover, Stern specifically alleged in paragraphs #10 and #11 of his original petition that there was a material default with at least five delinquent mortgage payments (CR 3-12).

Stern further alleged in paragraph #19 of his original petition damages to his credit, a fact that could easily be supported by the record in light of many months of delinquent payments for the main mortgage (CR 3-12 and CR 27-29).

Therefore, an award of $20,000.00 was necessary to address the significant arrears on the mortgage and/or to compensate Stern for damages to his credit.

### E. Double recovery for rescission and damages

In the case at bar, Stern sought monetary damages in addition to rescission of the conveyance. A rescission of the conveyance alone would not have remedied the damages to Stern's credit report and would not have remedied the significant mortgage arrears. Therefore, an award of monetary damages was essential to facilitate the rescission of the conveyance.

There is case law, in the context of a judgment for specific performance, in support of an award of monetary damages when such damages are incidental to the order of specific performance and fall short of damages awarded from a breach of contract claim. *Goldman v. Olmstead*, 414 S.W.3d 346, 361-362 (Tex. App.—Dallas 2013, pet. denied).

In essence, the additional monetary compensation harmonizes the rescission award with any incidental damages so as to place the party in the pre default situation. As previously stated, Stern offered evidence of delinquent payments and damages to his credit (CR 3-12 and CR 27-29).

The cases cited by Mehl are inapposite as they appear to focus on rescission based on fraud rather than in connection to a vendor's lien/foreclosure. For example, the Sebree case cited by Mehl involves statutory fraud and specific performance and does not address a rescission based on a judicial foreclosure and/or a loan default. *Scott v. Sebree*, 986 S.W.2d 364, (Tex. App.—Austin 1999, pet. denied).

**F. Judgment for attorneys' fees is not error.**

Stern offered an affidavit of attorneys' fees at the original default hearing (Supp. CR 15-17). Therefore, any argument by Mehl that the attorneys' fees are not supported by the record have no merit.

**G. Failure to join Indymac and TRCP 39**

Assuming for the sake of argument that Indymac or any other lienholder is an indispensable party, the failure to join said party does not render the judgment void and does not deprive the court of jurisdiction. *Cooper v. Hamilton County,* 2014 Tex. App. LEXIS 1066 (Tex. App.—Waco Jan. 30, 2014, pet. denied). Instead, in the most extreme sense, the judgment would be voidable only as to the interest of the omitted third party.

As a practical matter, the lienholder, not Mehl, would have standing to challenge the judgment to the extent its interest in the property was affected by the judgment. There is nothing in the judgment that threatens the validity of any lien on the property one way or the other (CR 15-26).

Moreover, the harm to the lienholder would need to be substantial to justify a challenge of the judgment. *Grynberg v. Christiansen,* 727 S.W.2d 665, 666-67 (Tex. App.—Dallas 1987, no writ).

**H. Three day notice required for receiver**

In light of the fact that Stern served Mehl with the actual lawsuit and the request for receiver, any issue of her notice is moot (CR 3-12). Obviously, Mehl had over twenty days from the date of personal service of the lawsuit to file an answer, a time far greater than the requisite three notice she complains of in her brief.

Moreover, Tex. R. Civ. P. 695, the receiver statute, deals with adverse parties. Stern contends that only Mehl, as an owner of the property, is an adverse party in this lawsuit.

Furthermore, there is evidence in the record that the receiver has subsequently filed post judgment motions and provided notice to Mehl by and through her counsel (Supp. CR 49-51).

## CONCLUSION AND PRAYER

The filing by Mehl of a motion for new trial precludes her right to also pursue a restricted appeal. There is no error apparent on the record in the context of venue in light of the fact than Mehl waived any venue challenge. It is also undisputed that Mehl was properly served with the lawsuit and there was no defect in the affidavit of service. Finally, the record contains evidence in support of the judgment in all respects: a judgment for title based on rescission pursuant to foreclosure of a vendor's lien and breach of contract, as well as monetary damages, attorneys' fees and all other relief in the judgment.

WHEREFORE Appellee, David Stern, respectfully requests that this Court affirm the trial court's judgment. Appellee prays for other and further relief to which he may be justly entitled.

Respectfully submitted,

/s/ Brent A. Devere
Brent A. Devere
Texas Bar No. 00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Tel. (512)-457-8080 Fax. (512)-457-8060
Email: BDevere@1411west.com

ATTORNEY FOR APPELLEE,
DAVID STERN

17

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word 2013 and contains approximately 3455 words as determined by the computer software word count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Brent A. Devere
Brent A. Devere

**CERTIFICATE OF SERVICE**

Under Texas Rule of Appellate Procedure 9.2, I certify that a copy of this Appellee's Brief was filed through the electronic filing system. Under Texas Rule of Appellate Procedure 9.5, I further certify that a copy of this brief was served on July 21, 2015 upon the following counsel for Appellant via electronic notification after 5:00 P.M.:

The Lefler Law Firm                          **VIA EMAIL:  slefler@leflerlegal.com**
Sandra M. Lefler
1530 Sun City Blvd., Suite 119
Austin, Texas 78633
Telephone: (512) 869-2579
Telecopieur: (512) 583-7294
Email:slefler@leflerlegal.com

/s/ Brent A. Devere
Brent A. Devere

# TAB A

Notice sent: Final Interlocutory None
Disp Parties: AM
Disp code: CVD / CLS 4uIY
Redact pgs:
Judge JHW Clerk DT

DC          BK14217 PG560

Filed in The District Court
of Travis County, Texas

JUL 2 9 2014
At 8:42 pm M.
Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GN-14-002071

| | | |
|---|---|---|
| DAVID STERN, **Plaintiff** | * | IN THE DISTRICT COURT |
| | * | |
| | * | |
| V. | * | |
| | * | 250TH JUDICIAL DISTRICT |
| | * | |
| | * | |
| PAMELA MEHL, **Defendant** | * | TRAVIS COUNTY, TEXAS |

## JUDGMENT FOR TITLE TO REAL ESTATE AND DAMAGES

The hearing on this cause was held on July 29, 2014. Plaintiff, David Stern, appeared, by and through counsel and Defendant, Pamela Mehl, although duly cited to appear by filing an answer herein, failed to file an answer within the time allowed by law.

1. On the claim of Breach of Contract, the Court finds in favor of Plaintiff, David Stern, and against Defendant, Pamela Mehl.

2. On the claim of Trespass to Try Title, the Court finds in favor of Plaintiff, David Stern, and against Defendant, Pamela Mehl.

1

15

Pursuant to the pleadings and evidence on file, the Court finds and ORDERS as follows:

A. The Court recognizes a vendor's lien, equitable lien and a deed of trust to secure assumption for and in favor of David Stern on the Property (The "Property" is otherwise known as 700 Grove Lane, Georgetown, Texas 78626, Williamson County along with all improvements and mobile homes, and is further described on Exhibit 1 attached herein) by virtue of David Stern's prior 50% conveyance of the Property to Pamela Mehl.

B. The Court hereby awards David Stern judgment for title and possession of 50% of the Property based on a rescission of the prior conveyance under document #2013063557 of the Williamson County Real Property Records.

C. The Court further awards David Stern actual damages against Pamela Mehl in the amount of $20,000.00 (Twenty Thousand and 00/100 Dollars).

D. The Court awards David Stern, attorneys' fees in the amount of $2,500.00 (Two Thousand Five Hundred and 00/100 Dollars), against Defendant, Pamela Mehl.

E. Plaintiff, David Stern, is entitled to post judgment interest on the total amount of the judgment awarded hereinabove, at the rate of 5% per annum from the date this judgment is signed until paid.

F. Costs are hereby taxed against Defendant, Pamela Mehl.

G. Plaintiff, David Stern, has a right to the Property, and the Property is in danger of being materially injured, thus requiring the appointment of a receiver. The Court appoints Nancy Perry as receiver. Receiver shall take an oath swearing to perform the duties of receiver faithfully, and receiver shall post a $200.00 (Two Hundred and 00/100 Dollars) bond that shall be conditioned on faithful discharge of duties as receiver and obedience to the orders of the Court. Receiver shall be vested with the powers to take charge and keep possession of the

2

16

Property, receive rents, and sell the Property and hire real estate brokers and other agents to sell the Property, with such sale being subject to Court approval. The rent and sale proceeds shall be used to pay all valid secured liens on the property and property taxes due plus payment of all amounts due under this judgment, with the remaining proceeds, if any, being paid 50/50 to Plaintiff and Defendant. The receiver shall be entitled to compensation at $175.00 an hour and reimbursement of reasonable and necessary expenses, after application to and approval by the Court for such fees and expenses. Receiver's fees and expenses shall be taxed as costs.

IT IS FURTHER ORDERED that Plaintiff, David Stern, may record this order in the real property records as evidence of ownership of the Property, and is entitled to enforce this judgment through abstract, execution and any other process necessary, and all writs and processes for the enforcement and collection of this judgment and costs may issue.

IT IS FURTHER ORDERED that this is a final judgment and finally disposes of all parties and all claims and is appealable.

SIGNED this the 29th day of July, 2014.

_____
DISTRICT JUDGE PRESIDING

Approved as to Form:

3

Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080
Fax: 512-457-8060

Attorney for David Stern

4

# EXHIBIT 1

7 PGS          DEED

2013063557

## Special Warranty Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

**Date:** May 3, 2013

**Grantor:** David Stern

**Grantor's Mailing Address:**

6100 CENTER DR #600
LOS ANGELES, CA
90045

**Grantee:** Pamela Mehl

**Grantee's Mailing Address:**

700 Grove Lane
Georgetown, Texas
Williamson County

**Consideration:**

A settlement agreement in a bankruptcy case style In Re: Pamela Christina Mehl, filed under Case No. 12-12209 in the Western District of Texas, Austin Division, and ten dollars and other valuable consideration paid by Grantee, and Grantee's assumption of the unpaid principal and earned interest on the note in the original principal sum of Two Hundred Fifty-six Thousand Two Hundred dollars ($256,200.00) dated August 11, 2004, executed by David Stern, and payable to the order of IndyMac Bank, F.S.B.. The note is secured by a vendor's lien retained in a deed dated August 11, 2004, to David Stern and Pamela Mehl, and additionally secured by a deed of trust dated August 11, 2004, from David Stern and Pamela Mehl to Charles A. Brown, Trustee, recorded in clerk's file number 2004064127 of the official public records of real

20

property of Williamson County, Texas. Grantee agrees to indemnify and hold Grantor harmless from payment of the note and from performance of Grantor's obligations specified in the instruments securing payment of the note. Grantor assigns to Grantee the casualty insurance policy on the property, all utility deposits for utility service at the property, and all funds held in escrow for payment of taxes and insurance premiums.

**Property (including any improvements):**

The legal description is attached hereto and incorporated herein for all purposes

**Reservations from Conveyance and Exceptions to Conveyance and Warranty:**

Grantor reserves no interest in any oil, gas, and other minerals in and under and that may be produced from the property.

This deed is subject to all easements, restrictions, conditions, covenants, and other instruments of record.

Grantor, for the consideration and subject to the reservations from conveyance and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee all of Grantor's interest in the property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof when the claim is by, through, or under Grantor but not otherwise, except as to the reservations from conveyance and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

Grantee assumes all ad valorem taxes due on the property for the current year.

21

_____
David Stern

*This instrument was prepared based on information furnished by the parties, and no independent title search has been made.*

STATE OF California      §
COUNTY OF Los Angeles      §

This instrument was acknowledged before me on June 24, 2013 by David Stern.



> CHUCK JIRO MURAYAMA
> Commission # 1990849
> Notary Public - California
> Los Angeles County
> My Comm. Expires Oct 9, 2016

_____
Notary Public

**PREPARED IN THE OFFICE OF:**

H. Bryan Hicks, PLC
901 2nd St.
Marble Falls, TX 78654
Tel: (830) 693-2165
Fax: (830) 693-8185

**AFTER RECORDING RETURN TO:**

Pamela Mehl
700 Grove Lane
Georgetown, Texas

22

All that certain tract or parcel of land situated in Williamson County, Texas, out of the John Berry Survey, Abstract No. 51 and the M. J. Garcia Survey, Abstract No. 246 and being that Tract I conveyed to Raymond A. Moore by Warranty Deed dated August 30, 1985 and recorded in Volume 1238, Page 233 of the Official Records of Williamson County and described by metes and bounds as follows:

BEGINNING at an iron pipe fence corner post in the North line of Grove Lane for the Southwest corner of that tract described in a Warranty Deed to Debby Jane Ischy recorded in Volume 720, Page 771 of the Williamson County Deed Records being the Southeast corner of said Moore Tract I and this tract;

THENCE:  S 71° 36' 24'' W 876.76 feet with the North line of Grove Lane to an iron pin found for the Southeast corner of that Tract II as described in said Moore Warranty Deed for the Southwest corner of said Tract I and this tract;

THENCE:  with the common line of said Tract I and Tract II, N 0° 03' 07'' W 458.05 feet to an iron pin found and N 16° 53' 47'' W 458.45 to an iron pin found for the Northeast corner of said Tract II and being the Northwest corner of said Tract I and this tract;

THENCE:  with the North line of said Tract I,
    1)  N 71° 13' 14'' E 513.81 feet to an iron pin found,
    2)  N 72° 18' 57'' E 182.88 feet to an iron pin found,
    3)  N 73° 18' 45'' E 60.08 feet to an iron pin found,
    4)  N 68° 29' 11'' E 90.18 feet to an iron pin found in the West line of said Ischy tract for the Northeast corner of said Tract I and this tract;

THENCE:  along the West line of said Ischy tract and the East line of said Tract I,
    1)  S 12° 52' 30'' E 370.84 feet to an iron pin found,
    2)  S 10° 23' 25'' E 341.19 feet to an iron pin found,
    3)  S 5° 40' 44'' E 195.19 feet to the place of Beginning and containing 17.23 acres of land.

**RECORDERS MEMORANDUM**
All or parts of the text on this page was
not clearly legible for satisfactory
recordation

Exhibit " A "

23

All that certain tract or parcel of land situated in Williamson County, Texas, out of the John Berry Survey, Abstract No. 51 and being that Tract II conveyed to Raymond A. Moore by Warranty Deed dated August 30, 1985 and recorded in Volume 1238, Page 235 of the Official Records of Williamson County and described by metes and bounds as follows:

BEGINNING at an iron pin found in the North line of Grove Lane for the Southeast corner of that tract described in a Warranty Deed to Richard A. Miles, et ux, dated November 1, 1984 and recorded in Volume 1095, Page 933 of said official records, being the Southwest corner of said Moore tract and this tract;

THENCE: N 18° 29' 00" W 894.76 feet with the West line of said Moore tract being the basis of bearings cited hereon, to an iron pin found for the Northeast corner of said Miles tract being the Northwest corner of said Moore and this tract;

THENCE: N 71° 24' 53" E 857.19 feet to an iron pin found for the Northwest corner of that Tract I as described in the aforementioned Moore Warranty Deed being the Northeast corner of said Moore Tract II and this tract;

THENCE: along the common line of said Tract I and Tract II, S 16° 53' 47" E 458.45 feet to an iron pin found, and S 0° 03' 07" E 458.05 feet to an iron pin found in the North line of said Grove Lane for the Southwest corner of said Tract I and being the Southeast corner of said Tract II and this tract;

THENCE: S 71° 14' 02" W 699.68 feet to the place of Beginning and containing 16.67 acres of land.

RECORDERS MEMORANDUM
All or parts of the text on this page was
not clearly legible for satisfactory
recordation

Exhibit " B "

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS 2004064127



*Nancy E. Rister*

08/13/2004 12:58 PM
ALLEN $60.00
NANCY E. RISTER, COUNTY CLERK
WILLIAMSON COUNTY, TEXAS

24

 DEED    2009086302

5 PGS

CAD No. R039021

Notice of Confidentiality rights: if you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your social security number or your driver's license number.

## GENERAL WARRANTY DEED

DATE:      November 14, 2006

GRANTOR:      Linda Moore, a/k/a Linda R. Moore, Individually, and as Independent Executrix of the Estate of Raymond A. Moore, deceased, Kathy Moore, and Randy Moore

GRANTOR'S MAILING ADDRESS:   _____

GRANTEE:      David R. Stern and Pamela C. Mehl

GRANTEE'S MAILING ADDRESS:      700 Grove Lane, Georgetown, Williamson County, Texas 78626

CONSIDERATION:

$10.00 and other valuable consideration, receipt of which is hereby acknowledged, and for the payment of which no lien, either express or implied, is herein retained.

PROPERTY (including improvements):

FEE SIMPLE TITLE in and to the perimeter description of a 35 foot wide road containing 5.115 acres, approximately one-half being in the M.J. Garcia Survey, Abstract No. 246, and one-half in the John Berry Survey, Abstract No. 51, in Williamson County, Texas, and being a part of an 85.20 acre tract conveyed to Charles Penzler, et ux, of record in Volume 420, Page 86, Deed Records of Williamson County, Texas, and containing all of a 35 foot ell shaped strip described in a deed from Etna M. Lindell and A. William Lindell to Charles Penzler, dated July 23, 1968, and recorded in Volume 509, Page 341, Deed Records of Williamson County, Texas; said 35 foot road being more particularly described by metes and bounds as follows:

BEGINNING at the lower Southwest corner of the said ell shaped strip in the North line of County Road 152, also being the lower Southwest corner of a 139.17 acre tract described in a deed to Etna Miller and Laura Miller, dated October of 1957;

THENCE North 19 degrees 08 minutes West 669.37 feet to an ell corner of the 139.17 acres and an ell corner of said ell shaped strip;

THENCE South 71 degrees 20 minutes 35 seconds West 2527.08 feet to a point on or near the upper Southwest corner of the 139.17 acres and the upper Southwest corner of the ell shaped strip;

THENCE 71 degrees 17 minutes West 859.01 feet and South 71 degrees 18 minutes 40 seconds West 900.57 feet with the South line of the said 85.20 acre tract, as fenced, to an iron pin set at the Southeast corner of a 9.983 acre tract;

EXHIBIT "C"

THENCE South 70 degrees 57 minutes 30 seconds West 100.0 feet and South 71 degrees 32 minutes 40 seconds West 417.53 feet with the South line of the 85.20 acres and the South line of the 9.983 acres to an iron pin set at the Southeast corner of a 16.867 acre tract;

THENCE North 19 degrees 00 minutes 45 seconds West at 35 feet past an iron pin on line, continuing in all 554.29 feet with the common line between the 16.867 acre tract and the 9.983 acre tract to an iron pin set beside a fence corner post;

THENCE North 27 degrees 37 minutes 40 seconds West 74.92 to an iron pin set in the common line between the 16.867 acres and the 9.983 acres, and continuing with the same line in all 144.54 feet to a point on curve with a radius of 80.59;

THENCE with the arc of the curve to the right, the chord bears South 54 degrees 19 minutes East 77.92 feet to the end of the curve;

THENCE South 27 degrees 37 minutes 40 seconds East 77.55 feet to a point;

THENCE South 19 degrees 00 minutes 45 seconds East 522.28 feet to a point;

THENCE North 71 degrees 32 minutes 40 seconds East 382.69 feet and North 70 degrees 57 minutes 30 seconds East 99.94 feet to the East line of the said 9.983 acre tract;

THENCE North 71 degrees 18 minutes 40 seconds East 900.67 feet and North 71 degrees 17 minutes East 859.02 feet to a point on or near the common line between the 85.20 acres and the 139.17 acres;

THENCE North 71 degrees 20 minutes East 2561.53 feet to the Northwest corner of the ell shaped tract described in Volume 509, Page 341, Deed Records of Williamson County, Texas;

THENCE South 19 degrees 09 minutes 20 seconds East 704.70 feet to the Southeast corner of the ell shaped tract and to the North line of County Road 152;

THENCE South 71 degrees 08 minutes 20 seconds West 35.0 feet with the North line of County Road 152, to the POINT OF BEGINNING.

RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:

This conveyance is made and accepted subject to: 1) all restrictions, covenants, conditions, rights-of-way and assessments if any, affecting the above-described property that are valid, existing and properly of record; 2) all easements, including specifically but without limitation any access, ingress and egress, or other easement granted to any other person for the use of the subject road; and 3) to taxes for the year 2007 and subsequent years.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and to hold it to Grantee, Grantee's heirs, executors, administrators, successors and assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations and exceptions to conveyance and warranty.

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS    2013063557

*Nancy E. Rister*

07/08/2013 02:10 PM

CKASEBERG $40.00

NANCY E. RISTER, COUNTY CLERK

WILLIAMSON COUNTY, TEXAS

② H Bryan Kuets PLC
901 2nd St.
Marble Falls, TX 78654

# TAB B

CAUSE NO.D-1-GN-14-002071

| | | |
|---|---|---|
| DAVID STERN<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 250TH JUDICIAL DISTRICT |
| PAMELA MEHL<br>Defendant | §<br>§<br>§ | TRAVIS COUNTY, TEXAS |

### DEFENDANT'S MOTION FOR A NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Pamela Mehl ("Defendant") and files this Defendant's Motion for New Trial and asks this Court to grant a new trial in the interest of justice and fairness.

### I. INTRODUCTION

1. Plaintiff David Stern is Defendant Pamela Mehl ex-husband. This suit was as a result of a post divorce misunderstanding and what Defendant believes a breach of Plaintiffs duties as outlined in a final divorce decree issued in Williamson County, Texas.

2. Defendant was properly served with service of process at her then attorney's office, but as Defendant will attest and verify her attorney failed to answer this suit.

3. Plaintiff sued Defendant in this suit, served Defendant at her attorney's office but an answer was never filed. The divorce and all the matters and events in this cause occurred in Williamson County, Texas, however this suit was wrongfully filed in Travis County, Texas.

4. Because this is the last possible day, this filing, as filed is sufficient as a Motion for New Trial, however will be supplemented tomorrow with additional detail, factual allegations by verified facts.

## II.    PRAYER

WHEREFORE, PREMISES CONSIDERED and for these reasons, Defendant prays the Court to grant this motion in favor of Defendant for a new trial so that justice may be done.

Respectfully submitted,

THE KELLY LEGAL GROUP, PLLC
PO BOX 2125
Austin, Texas 78701
512-505-0053 tel
512-505-0054 fax
jkelly@kellylegalgroup.com

By: _____
JEFFREY S. KELLY
State Bar No. 24043749
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___13th___ day of <u>October</u>, 2014, a true and correct copy of this the Notice of Appeal, was served as stated below pursuant to the Texas Rules of Civil Procedure.

Brent A. Devere                              ☐  Hand Delivery
1411 West Avenue, Suite 200                  ☐  CMRRR
Austin, Texas 78701                          ☐  Regular U.S. Mail
(512) 480-8170 Facsimile                     ☒  Confirmed Facsimile
Electronic Mail To: BDevere@1411west.com     ☒  Electronic Mail

_____
JEFFREY S. KELLY